Commonwealth *v.* Orr, Appellant.

Submitted April 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Bernard Gilbert Orr,* appellant, in propria persona.

*James D. Crawford* and *Fortunata Guidice,* Assistant District Attorneys, *Richard A. Sprague,* First As-

sistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 28, 1969:

Appellant pleaded guilty to a charge of murder generally in 1967, and was found guilty of murder in the second degree by a three judge panel. In 1968 a PCHA petition was filed alleging that appellant's confession was involuntary, that his guilty plea was unlawfully induced and that counsel was ineffective. A hearing was held before Judge GUERIN, one of the judges on the original sentencing panel; the petition was subsequently dismissed. This appeal is from that dismissal. In addition to reiterating the issues presented in the original petition, appellant also urges that the hearing should have been held before a judge other than one who heard his original plea.

First we shall address ourselves to appellant's allegations as to his guilty plea. Appellant points to the fact that he was under the influence of drugs, that he was coerced into giving the confession (which presumably induced his plea), and that he was promised a shorter sentence if he pleaded guilty (which shorter sentence was not forthcoming). However, the hearing judge concluded after a full hearing was held that "There is absolutely not one word of credible evidence in the record before me to support" the charges.

In fact, as to the allegation that he was promised a shorter sentence, the hearing judge noted "This is absolutely false, unbelievable and perjurious testimony, and if I were doing the right thing I think I would sit as a Committing Magistrate and hold him in bail on a charge of perjury." Nor is the appellant able to do more than reiterate his bald allegations in this attempt to secure relief before our Court. Under the circumstances it seems clear that the hearing court's con-

clusion must be affirmed. The on-the-record inquiry before the acceptance of the plea, plus the testimony of appellant's trial counsel at the PCHA hearing, convince us that the plea was knowingly and voluntarily entered.

Next we turn to appellant's allegation that his counsel was ineffective. To support this claim, appellant emphasizes that (1) his attorney advised him to confess even though three other people were being held for the crime and (2) that he was only able to confer with his attorney for forty-five minutes on two occasions prior to trial. However, choosing to have his client confess under the circumstances in this case cannot possibly be said to violate the standards for effectiveness of counsel which this Court established in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). In light of appellant's agitated state, the fact that he had confessed the commission of the crime to his counsel, and that it was known that witnesses were available who could identify appellant, it could hardly be said that counsel's decision to have appellant confess did not have "some reasonable basis designed to effectuate his client's interests." *Id.* at 604, 235 A. 2d at 352. As to the argument about the *two* occasions for consultation with counsel, this allegation is clearly refuted by trial attorney's testimony that he consulted with appellant at least *five* times before trial.

Finally we turn to appellant's argument that because Judge GUERIN sat on the original sentencing panel he should not have presided at his PCHA hearing. We find this contention to be wholly without merit. The Pennsylvania Rules of Criminal Procedure, Rule 1502(b), makes it quite clear that the procedure followed in this case was consistent with the proper procedure in the Commonwealth. The rule states "The

Administrative Judge shall assign the petition to the judge who presided at the trial, if he is available. If the trial judge is unavailable or should it appear necessary in the interests of justice, the Administrative Judge shall assign it to another judge." Since appellant alleges no reasons why Judge GUERIN "in the interests of justice" should have been removed, we must conclude that the objection is not grounds for a new hearing. See *Kaufman v. United States,* 394 U.S. 217 (1969); *McCarthy v. United States,* 394 U.S. 459 (1969).

For the reasons outlined above, the dismissal of appellant's PCHA petition, after hearing, is affirmed.