Commonwealth *v.* Spencer, Appellant.

Argued September 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

·Dennis Kelly, Assistant Defender, with him John W. Packel and Melvin Dildine, Assistant Defenders, and Vincent J. Ziccardi, Acting Defender, for appellant.

James D. Crawford, Assistant District Attorney, with him Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 19, 1970:

Appellant was tried on criminal charges before a judge and jury. At 11:13 A.M. of the final day of trial, the jury retired to deliberate. At 4:40 P.M., they returned and told the judge their disagreement was hopeless. At sidebar, the assistant district attorney requested the judge to charge the jury in accordance with Allen v. United States, 164 U.S. 492, 501-502, 17 S. Ct. 154 (1896). The judge refused and sent the jury back for further deliberation. At 5:10 P.M., the District Attorney of Philadelphia appeared before the judge in chambers to request that the Allen charge be given. The District Attorney said: "I think the Allen charge would be of help when it is used in an appropriate way, and I would think it would be a very useful thing to have it tested once and for all." Over appellant's objection, the jury was then called back.

The judge charged the jury as follows:

" 'In a large proportion of cases absolute certainty cannot be expected. Though a verdict must be the verdict of each individual juror and not a mere acquiescence to his fellow jurors, nonetheless juries should examine the question of guilt or innocence with candor and with proper regard and deference to the opinions of each other. It is the duty of the jury to decide the case if they can conscientiously do so. The jury should listen with a disposition to be convinced to each other's arguments. If much the larger number of the jurors are fully convinced, a dissenting juror should consider whether his doubt is a reasonable one if it made no impression upon the minds of so many other jurors, equally as honest and as intelligent as himself. While undoubtedly the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves. It certainly cannot be the law that each juror should not listen with deference to the arguments, and with a distrust of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself. It cannot be that each juror should go to the jury room with a blind determination that the verdict shall represent his opinion of the case at that moment, or that he should close his ears to the argument of men . . .', and I will add parenthetically women, '. . . who are equally honest and intelligent as himself . . .', and I add as herself."

The jury retired for further deliberations. At 6:20 P.M., they left for dinner, returning at 8:00 P.M. At 9:51 P.M., the jury returned to request that a witness' testimony be read to them. Finally, at 10:45 P.M., after some discussion with counsel, a tape recording of

a witness' testimony was played. The judge also redefined "reasonable doubt." At 12:20 A.M., the jury returned, having found appellant guilty on both bills submitted to them.

This appeal raises the question whether the *Allen* charge so coerces members of the jury that a defendant is thereby denied a verdict by unanimous agreement.*

---

\* The *Allen* charge has been under attack in recent years. The federal courts have not reversed convictions in which the charge has been used. They have, however, advised the district courts to proceed with caution. See, e.g., *Pugliano v. United States*, 348 F. 2d 902 (1st Cir. 1965) [leaving open whether an instruction regarding burden of proof should be included within the charge]; *United States v. Fioravanti*, 412 F. 2d 407 (3d Cir. 1969) [prospectively excluding the use of *Allen* in district courts of the Circuit]; *Posey v. United States*, 416 F. 2d 545 (5th Cir. 1969) [permitting *Allen* if it is made "clear to the jury that each member has a duty conscientiously to adhere to his own honest opinion and it avoids creating the impression that there is anything improper, questionable, or contrary to good conscience for a juror to create a mistrial"]; *United States v. Knaack*, 409 F. 2d 418 (7th Cir. 1969) [advising district courts in the Circuit to be "sparing and cautious" in using *Allen*]; *United States v. Pope*, 415 F. 2d 685 (8th Cir. 1969) ["caution(ing) the district courts in this Circuit to observe with care all of the established safeguards in giving the charge so that it does not detract from the responsibility of each member of the jury conscientiously to adhere to his own opinion in arriving at a just verdict"]; *Sullivan v. United States*, 414 F. 2d 714 (9th Cir. 1969) [approving an *Allen* charge particularly because it "reminded each of the jurors of his obligation to give ultimate controlling weight to his own conscientiously held opinion"]; *United States v. Wynn*, 415 F. 2d 135 (10th Cir. 1969) ["call(ing) attention to the inherent danger in this type of instruction when given to an apparently deadlocked jury and reiterat(ing) the suggestion that, if it is given at all, it be incorporated in the body of the original instructions"]. Also see Comment, Deadlocked Juries and Dynamite: A Critical Look at the "Allen Charge", 31 U. Chic. L. Rev. 386 (1964); Annotation, Instructions Urging Dissenting Jurors in Criminal Cases to Give Due Consideration to Opinion of Majority, 100 A.L.R. 2d 177.

A criminal defendant is entitled to a verdict by a unanimous jury. This right is protected by both the federal and state constitutions. U. S. Const. art. III, §2; id. amend. VI; Pa. Const. art. I, §6. The courts have sought to preserve the unanimity of the jury by assuring that no juror is coerced into voting against his conscientious convictions. See, e.g., *Jenkins v. United States,* 380 U.S. 445, 85 S. Ct. 1059 (1965); *Commonwealth v. Holton,* 432 Pa. 11, 247 A. 2d 228 (1968); *Commonwealth v. Wilmer,* 434 Pa. 397, 254 A. 2d 24 (1969).

In *Jenkins,* the Supreme Court held that a judge who told a deadlocked jury that they had to "reach a decision" had coerced them. That is, he had convinced certain jurors by his statement to surrender their views in order to reach accord. Similarly in *Holton,* the Supreme Court of this state held that a judge who told a deadlocked jury that they must "stand up like men and women and do what [they] should do before [their] God to whom [they] will answer some day whether [they] answer to [the trial] court or not" had coerced them into a decision, despite their individual convictions. The *Allen* charge, as given above, contains similar coercive elements which must be corrected in order to avoid constitutional error.

The charge states that the jurors in the minority should listen with deference to the opinions of their colleagues in the majority; we agree with that statement. But it should be emphasized, at the same time, that each juror must be convinced beyond a reasonable doubt of the defendant's guilt before he votes to convict. Otherwise, as viewed from the defendant's standpoint, the charge seems to imply that the minority should yield to the majority, if the majority is inclined to convict. This implication is impermissible.

Moreover, in so far as the charge seems to imply that only those jurors in the minority need re-examine

their positions, it should be altered. Viewed from the defendant's standpoint, the charge implies that only those who entertain a reasonable doubt should reconsider. The charge must indicate that the jurors in the majority should likewise re-examine their positions if they find that several of their colleagues, equally honest and intelligent, persist in their minority views.

Finally, in so far as the charge seems to imply that the jurors must reach a unanimous decision, one way or the other, the charge must be altered. Inherent in a defendant's right to a verdict by a unanimous jury is his right to a new trial should the jurors fail to agree. While unanimity is to be desired, if at all possible, the jury should be told that they need not reach accord, if they cannot do so conscientiously.

Although the charge failed to include the above essential corrections, we affirm judgment of sentence because we believe the jurors in the instant case were not coerced. The jury's verdict came seven hours after the *Allen* charge was given. In those seven hours, the jurors deliberated for three separate intervals. They also had what appears to have been a leisurely dinner. They were also sufficiently aware of their duty and their need of information to return to the courtroom to ask that certain testimony be read to them. This is not the mark of a coerced jury. Accordingly, we hold the giving of the *Allen* charge in this case to be harmless.

In all cases which come before this Court, in which the *Allen* charge has been given before the date of this opinion, we will similarly examine the record to see if the jury was so coerced by the charge that the defendant was denied his right to a verdict by a unanimous jury. If it appears that the charge persuasively and unduly influenced the jurors' decision, in spite of their individual convictions, we shall reverse.

The likelihood, however, that the *Allen* charge may coerce a juror to vote against his convictions requires, however, that we today adopt a rule to govern future jury charges. We hold that all cases which come before this Court, in which the *Allen* charge is given after the date of this opinion, contain reversible error if the charge is given without the modifications contained herein.

Judgment of sentence affirmed.

WRIGHT, P. J., and JACOBS, J., concur in the result.