Commonwealth *v.* McCoy, Appellant.

Submitted December 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John O. Cole* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Victor J. DiNubile, Jr.* and *Milton M. Stein*, Assistant District Attorneys, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

On October 15, 1969, appellant Sterling McCoy was convicted by a jury on indictments charging aggravated robbery, aggravated assault and battery, and carrying a concealed deadly weapon. On October 24, 1969, motions for a new trial and in arrest of judgment were denied, and appellant was sentenced to 7½ to 15 years on the robbery bill. Sentence was suspended on the other bills.

These charges arose from a hold-up in which a bartender was robbed of his wallet by two armed men. The police, arriving on the scene shortly thereafter, arrested appellant inside the bar. He was not armed, but a shotgun was found on the floor of the bar. His co-defendant, Oliver Johnson, was arrested outside the bar, armed with a loaded pistol. The two men were tried jointly.

On this appeal, appellant avers that the trial court's instructions to the jury on applying the standard for proof beyond a reasonable doubt, taken as a whole, constituted fundamental error. In addition, he argues that he was prejudiced by the unprompted use of a charge which urged the jury to attempt to agree on a verdict, to which specific exception was taken.

Our Supreme Court has now indicated criteria as to whether fundamental error will be found in instances of inadequate or improper charges to juries. *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968); *Commonwealth v. Jennings,* 442 Pa. 18, 274 A. 2d 767 (1971) (holding that the *Williams* rule on fundamental error still applies after the effective date of Pa. R. Crim. P. 1119(b)); *Commonwealth v. Butler,* 442 Pa. 30, 272 A. 2d 916 (1971).

In *Williams,* the Court found fundamental error in the instruction: "If you feel that their testimony does not substantially do that [prove guilt beyond a reasonable doubt], . . . *then you are not required to bring in a conviction."* (Emphasis in original.) The Court stated that "This portion of the charge gave the jury the right to find defendant guilty even when they had a reasonable doubt, and consequently constituted basic and fundamental error." In *Butler,* however, the Court found that taking the charge as a whole, the errors complained of were overcome by correct statements on the same points.

In the instant case, while the court in its lengthy charge gave some correct general explanations of the burden of proof, the instructions on weighing the evidence under each charge were prejudicially misleading. These specific instructions, which were far more likely to reach the understanding of jurors unlearned in the law, bring the case within the ambit of *Williams* rather than that of *Butler.*

On the charge of carrying a concealed deadly weapon, the court stated: "If, on the other hand, McCoy *has persuaded you that he did not* carry concealed on his person or in his possession the shotgun in question, or the one found on the premises did not belong to him . . . then you will find McCoy not guilty of this crime." This was repeated: "If, on the other hand, *you find that Johnson did not* carry concealed on his person a re-

volver or gun, then you will find Johnson not guilty of that crime." (Emphasis supplied.)

Under the included charge of carrying a firearm without a license, it was stated: "If you are not so convinced, *if you find McCoy was not* in possession of a shotgun . . ., then you *may* find McCoy not guilty." (Emphasis supplied.) Substantially the same phrase was again repeated as to Johnson.

On aggravated and simple assault and battery, it was stated: "On the other hand, *if you find that McCoy did not* commit the aggravated assault and battery or assault and battery . . . as charged . . . then you will find McCoy not guilty of these charges . . ." . . . "On the other hand, *if you find that neither defendant committed* any of the offenses charged against him . . . you will find him not guilty. . . ." (Emphasis supplied.)

The instruction under assault with intent to rob, although preferable, did not clarify matters: "If you are not so convinced or if you feel that there has not been sufficient evidence to charge McCoy with the assault with the intent to rob, then you will say so by your verdict." The first similar instruction under robbery gave the correct rule, but this was immediately followed by the statement: "I will repeat *if you find that there was no ill-using* of [the victim] . . . *or that there was no evidence* of any striking or beating, you will find defendant Johnson not guilty as to that charge." (Emphasis supplied.)

After lengthy specific exceptions were taken by counsel, including one on another aspect of reasonable doubt, the court gave several general statements of the proper standard of proof, reiterating that every crime must be proven beyond a reasonable doubt and that the defendants were entitled to every inference in their favor. Immediately thereafter, however, the court stated: "Of course I told you if you don't believe that the wallet was taken, if you don't believe that the money was

taken, of course you should acquit the person who is charged with having taken the wallet and the money."

In sum, the jury was never given proper guidance on what it meant to find a man guilty beyond a reasonable doubt. On the contrary, the jury must have been left with the impression that the defendant had to establish his innocence by the preponderance of the evidence. See *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A. 2d 441 (1959). They were given the right to find the defendant guilty even when they had a reasonable doubt.

Secondly, specific exception was taken to a charge which urged the jury to attempt to agree on a verdict,[1]

---

[1] The court stated:

"I trust that you will find your task not one in which you are hopelessly divided, but that you will give proper respect to each other's opinion,—keeping in mind that *you have a right to retain your opinion if you firmly* believe it,—so that in the exercise of sound common sense, intelligence and fairness, after deliberating and giving regard to the viewpoints of your fellow jurors, you may find the means of agreeing and reaching a just verdict.

"Should you be unable to agree, *as disappointing and undesirable as such disagreement might be,* if that is to be the outcome of this case because of the conscientious feeling of any juror as to what his or her verdict should be, then, of course, that juror will remain firm and stand by his or her conviction. However, I hope that you will not come to that impasse and that you will be able to agree in this case.

"Let me repeat, it is the duty of each juror while deliberating to give careful consideration to the views of your fellow jurors. You ought not to close your ears and be stubborn in holding the position you have taken regardless of what reasoning may be advanced by the other jurors. It should be the object of all of you to arrive at a common conclusion, and to that end you should deliberate together with calmness. It is your duty to agree upon a verdict if it be possible to do so without violating conscientious convictions based on the evidence. . . .

"Now, I do not want you to infer from what I say that you are going to be forced to agree. That is not my purpose. But I do want you to understand, and, I repeat, that it is your duty to make an honest effort to arrive at a just verdict. Jurors, as I

and the court did not provide a supplemental statement on the issue. Although not identical in wording, this constituted an "Allen charge",[2] use of which our Supreme Court has now prospectively overruled. *Commonwealth v. Spencer*, 442 Pa. 328, 275 A. 2d 299 (1971), upholding the decision of this Court at 216 Pa. Superior Ct. 169, 263 A. 2d 923 (1970). See *United States v. Fioravanti*, 412 F. 2d 407 (3d Cir. 1969).

In *Spencer,* the Supreme Court held that for all trials prior to March 25, 1971, use of the "Allen charge" must be judged by whether the charge unduly influenced the jury. Applying that standard to *Spencer* itself, the Court upheld this Court's rationale: "[T]he jurors in the instant case were not coerced. The jury's verdict came seven hours after the Allen charge was given. In those seven hours, the jury deliberated for three separate intervals. . . . They were also sufficiently aware of their duty and their need of information to return to the courtroom to ask that certain testimony be read to them. This is not the mark of a coerced jury." *Commonwealth v. Spencer,* 442 Pa. at 337.

In the instant case, the jury retired to deliberate at 1:10 p.m., and returned to give their verdict at 3:15 p.m. In the interim they decided not only whether two men were each guilty of three separate crimes, but also whether there had been sufficient complicity to make out joint commission of the crimes. Whereas the jury in *Spencer* had actually reached a deadlock, the jury

stated, should not be obstinate; you should be openminded; you should listen fairly and freely to each other's opinions and views and make an honest effort, as fairminded men and women, to come to a conclusion as to all the issues in the given case.

*"Verdicts are very important in this case.* I mean that, unanimous verdicts, regardless of their nature—whether they be guilty or not guilty—it is highly desirable that you shall be of one mind." (Emphasis supplied.)

[2] *Allen v. United States,* 164 U.S. 492, 501-02 (1896).

here gave no evidence of disagreement. Thus, the basis for concluding that the *Spencer* jury was free of coercion did not exist here.

Taken together, the "Allen charge" and the instructions on applying the standard of proof in this case clearly deprived appellant of his right to be acquitted if a reasonable doubt existed. The Courts in *Spencer*[3] and in a similar Third Circuit case, *United States v. Fioravanti*,[4] supra, were agreed that one of the worst faults of the Allen charge was its implication that a minority juror having a reasonable doubt should bow to the certainty of the majority. As the Court in *Fioravanti* stated: "[T]he traditional measure of proof in criminal cases envisons a 'subjective standard'—viz, each individual juror must be convinced of the defendant's guilt beyond a reasonable doubt." In *Spencer* and *Fioravanti*, the instructions were free of other errors on this issue. Here, on the other hand, the jurors were in effect told that the defendant must persuade them of his innocence, and that if he did persuade one juror, that juror should probably yield to the others. This unacceptable implication warrants a new trial.

I would reverse the order of the court below and grant a new trial.

MONTGOMERY and HOFFMAN, JJ., join in this dissenting opinion.

---

[3] *Commonwealth v. Spencer*, 442 Pa. at 336 (1971).
[4] 412 F. 2d at 418-19.