## Commonwealth v. Naugle

*Edward S. Newlin,* Assistant District Attorney, for Commonwealth.

*Blake E. Martin,* Public Defender, and *Robert E. Graham, Jr.,* Assistant Public Defender, for defendant.

KELLER, J., February 12, 1973.—Defendant and Edward Baker were tried before a jury on August 25 and 26, 1970, on charges of attempted arson and arson. Defendant was found guilty of attempted arson and Edward Baker of arson. Motions for a new trial and in

arrest of judgment were filed on September 2, 1970. On April 7, 1971, Edward Baker withdrew his post trial motions with leave of court, and he was sentenced.

The notes of testimony in the case at bar were certified by the court and filed on October 16, 1972. Additional reasons in support of the original post trial motions were filed on or about October 26, 1972, and the matter was placed on the argument list and heard at the regularly scheduled argument court held January 4, 1973.

A review of the official transcript and the court's notes indicates that the jury reported itself deadlocked after deliberating for approximately one hour. The court then delivered the charge approved in Allen v. United States, 164 U. S. 492, 501-02 (1896), which, in essence, urges dissenting jurors to reexamine their position, particularly if the dissenters find a large majority of the jury taking a different view and to be mindful of the fact that a trial is expensive in time, effort and money, and another trial would be equally costly. Within a half hour after the "Allen charge" was given, the jury returned its verdict of guilty.

Counsel for defendant made no objection to the "Allen charge" at the time it was given for the very valid reason that it had been adopted and approved in the Commonwealth for many years. However, defense counsel have now directed the court's attention to the fact that the law in Pennsylvania had changed as of March 19, 1970, even though that fact of legal life had not been brought to the attention of the trial bench and bar as of August 26, 1970.

In Commonwealth v. Spencer, 216 Pa. Superior Ct. 169 (1970), the Superior Court of Pennsylvania examined the question: "[W]hether the Allen charge so coerces members of the jury that a defendant is thereby denied a verdict by unanimous agreement."

Judge Hoffman speaking for the entire court held, at pages 173, 174 and 175, inter alia:

"A criminal defendant is entitled to a verdict by unanimous jury. This right is protected by both the federal and state constitutions . . .

"The charge states that the jurors in the minority should listen with deference to the opinions of their colleagues in the majority; we agree with that statement. But it should be emphasized, at the same time, that each juror must be convinced beyond a reasonable doubt of the defendant's guilt before he votes to convict. Otherwise, as viewed from the defendant's standpoint, the charge seems to imply that the minority should yield to the majority, if the majority is inclined to convict. This implication is impermissible.

"Moreover, in so far as the charge seems to imply that only those jurors in the minority need re-examine their positions, it should be altered. Viewed from the defendant's standpoint, the charge implies that only those who entertain a reasonable doubt should reconsider. The charge must indicate that the jurors in the majority should likewise re-examine their positions if they find that several of their colleagues, equally honest and intelligent, persist in their minority views.

"Finally, in so far as the charge seems to imply that the jurors must reach a unanimous decision, one way or the other, the charge must be altered. Inherent in a defendant's right to a verdict by a unanimous jury is his right to a new trial should the jurors fail to agree. While unanimity is to be desired, if at all possible, the jury should be told that they need not reach accord, if they cannot do so conscientiously . . .

"In all cases which come before this Court, in which the Allen charge has been given before the date of this opinion, we will similarly examine the record to see if the jury was so coerced by the charge that the defendant

was denied his right to a verdict by unanimous jury. If it appears that the charge persuasively and unduly influenced the jurors' decision, in spite of their individual convictions, we shall reverse.

"The likelihood, however, that the Allen charge may coerce a juror to vote against his convictions requires, however, that we today adopt a rule to govern future jury charges. *We hold that all cases which come before this Court, in which the Allen charge is given after the date of this opinion, contain reversible error if the charge is given without the modifications contained herein.*" (Italics supplied.)

The decision of the Superior Court was appealed to the Supreme Court of Pennsylvania. In an opinion dated March 25, 1971, Commonwealth v. Spencer, recorded in 442 Pa. 328, our highest appellate court held that the "Allen charge" contains the potential abuses noted by the Superior Court. The Supreme Court then held:

"Our ruling herein on the Allen charge is prospective and applicable only to trials which take place after the date of this decision. Cf. Great Northern Ry. v. Sunburst Oil & Refining Co., 287 U. S. 358 (1932). As to trials which occurred prior to the date of this decision, we will deal with appeals from such trials on an ad hoc basis and will examine the trial record to determine whether or not the Allen charge unduly influenced the jury."

Noting that the Supreme Court's decision was dated March 25, 1971, the Commonwealth has urged us to find Commonwealth v. Spencer inapplicable to the case at bar since our "Allen charge" was given on August 26, 1970. This is an appealing solution to this court's present dilemma. However, being mindful of the date of the decision of the Superior Court, we decline to accept that solution for we do not feel the

cause of justice would be furthered by imposing upon the parties the expense in time, effort and money of an appeal.

We conclude our appellate courts have banned the use of the "Allen charge" by the trial courts, and we are bound to abide by their decisions whether we agree or disagree. A new trial for Monta Crawford Naugle must, therefore, be ordered.

Having concluded a new trial must be held, no useful purpose would be served by discussing the other issues raised by the post trial motions.

## ORDER

And now, February 12, 1973, a new trial is ordered.