Commonwealth *v.* Orr, Appellant.

Submitted April 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Robert P. Paskings,* for appellant.

*Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, March 16, 1973:

The appellant, Bernard Gilbert Orr, pleaded guilty to murder generally and was found guilty of murder in the second degree in 1967. In 1968, appellant filed a PCHA petition. Relief was denied and an appeal was filed in this Court. In that appeal, two of the rulings by this Court were that (1) appellant's plea of guilty was entered knowingly and voluntarily and (2) appellant's counsel was not ineffective in advising appellant to confess. The order of the lower court in dismissing the PCHA petition was affirmed. *Commonwealth v. Orr*, 434 Pa. 390, 254 A. 2d 20 (1969). In 1970, appellant filed a second PCHA petition which was dismissed without a hearing. This appeal followed.

Petitioner's second PCHA petition filed in 1970, raised issues which had been raised in appellant's first PCHA petition filed in 1968. Since this Court has already ruled on the merits of those issues, appellant cannot raise the same issues a second time. *Commonwealth v. Slavik*, 449 Pa. 424, 297 A. 2d 920 (1972). The Post Conviction Hearing Act provides that ". . . an issue is finally litigated if . . . the Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue. . ." Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. 1180-4.

In his first PCHA appeal, appellant challenged his guilty plea and this Court held that ". . . [t]he on-the-record inquiry before the acceptance of the plea, plus the testimony of appellant's trial counsel at the PCHA

634

hearing, convince us that the plea was knowingly and voluntarily entered. . . ." *Orr,* 434 Pa. at 392, 254 A. 2d at 21. In that appeal, appellant also claimed that his trial counsel should not have advised him to give a confession. This Court, after reviewing the record, applied the standards of *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967) and said that ". . . it could hardly be said that counsel's decision to have the appellant confess did not have *'some reasonable basis* designed to effectuate his client's interests. . . .' " *Orr,* 434 Pa. at 392, 254 A. 2d at 21.

In his second PCHA appeal, the same issues are raised but appellant now represents a new factual allegation and a new legal theory. These circumstances, however, do not allow a second review of the same issues in view of the prohibition of Section 4 of the Post Conviction Hearing Act. *Slavik, supra.*

The only new factual allegation presented by the appellant in his second PCHA petition is that his trial counsel never told him that he had a right to remain silent. This, according to the appellant, was in violation of his rights under *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964). Even if the new factual allegation were true, or the new legal theory valid, they would only be material to the identical issues previously considered by this Court; the validity of appellant's guilty plea and the effectiveness of his trial counsel's advice to confess. These same issues cannot be reopened and relitigated because of appellant's new factual allegation, or new legal theory. Under our recent decision in *Slavik,* appellant's second PCHA petition was properly denied without a hearing. Appellant has had a ruling on the merits of the issues raised within the meaning of Section 4 of the Post Conviction Hearing Act.

"A defendant is not entitled to relitigate [an issue] every time he offers a new theory or argument which he had not previously advanced. To hold otherwise would virtually emasculate Section 4(a) of the PCHA, defeat its very objective, and permit constant and repetitive relitigation of issues already finally decided on their merits." *Slavik,* 449 Pa. at 431, 297 A. 2d at 924 (footnote omitted).

Order affirmed.

Mr. Justice Nix concurs in the result.