Commonwealth *v.* McCoy, Appellant.

Submitted June 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Brian E. Appel, Louis M. Natali, Jr.,* and *Segal, Appel & Natali,* for appellant.

David Richman, William C. Turnoff, Mark Sendrow, and Steven H. Goldblatt, Assistant District Attorneys, Abraham J. Gafni, Deputy District Attorney, Richard A. Sprague, First Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., February 27, 1975:

This is an appeal from denial of relief under the Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. (Supp. 1974-75).

On October 6, 1969, appellant went to trial with a co-defendant, Ollie Johnson, on charges of carrying a concealed deadly weapon, assault and battery, aggravated assault and battery, assault and battery with intent to kill, and aggravated robbery. Six jurors were selected the first day. The next day, however, Johnson failed to appear. His attorney immediately moved for a mistrial, but the motion was denied. Appellant asked his attorney also to move for a mistrial, but the attorney did not. Shortly thereafter selection of the jury was completed.

The Commonwealth's evidence tended to show that on August 16, 1968, appellant and Johnson entered a bar shortly before closing time. The only persons present were the night bartender and his nephew. Johnson pointed a revolver at the bartender and announced a stick-up. The bartender grabbed the revolver and began struggling with Johnson, who called for help. Appellant darted from the men's room and fired a sawed-off shotgun at the bartender. The bartender, sprayed by the pellets, fell to the floor. Johnson slapped the bartender, grabbed his wallet, and ran outside. Appellant forced the bartender to get up and open the cash register. At this point the police entered the bar and arrested appellant; they had already arrested Johnson outside. The shotgun was found inside the bar. The bartender and his nephew both identified the appellant.

At the conclusion of the Commonwealth's case, appellant's attorney moved for a mistrial on the ground that Johnson had been subpoenaed before trial as a defense witness but was not available to testify. The motion was denied. Appellant testified on his own behalf that he went into the bar to use the men's room, fell asleep inside, and when he emerged to investigate the noise, was surrounded by police.

The jury found appellant guilty of all charges, and after post-trial motions were denied, appellant was sentenced to 7½ to 15 years for aggravated robbery, the sentences on the other charges being suspended.[1] This court affirmed *per curiam*. *Commonwealth v. McCoy*, 219 Pa. Superior Ct. 298, 279 A. 2d 237 (1971), *allocatur refused*, 219 Pa. Superior Ct. xxxvii. A petition for writ of habeas corpus was denied by the United States District Court for the Eastern District of Pennsylvania. *United States ex rel. Sterling McCoy v. Robert Johnson, Superintendent*, Civil Action No. 71-2968. The present PCHA petition was filed on February 5, 1973. The court below held a hearing but denied relief. This appeal followed.

Appellant's sole contention is that he was denied his constitutional right to effective counsel. He submits that his attorney's decision not to move for mistrial as soon as Johnson disappeared was inexcusable error because Johnson's flight in the face of criminal charges must have pre-disposed the jurors to believe appellant guilty.

The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335 (1963). This

---

1. This statement is taken from the verdicts recorded in the docket entries and on the indictments. The lower court's opinion and the Commonwealth's brief, however, state that a demurrer to the charge of assault and battery with intent to kill was sustained at the end of the Commonwealth's case. In any event, as noted, sentence was suspended on all charges except on the charge of aggravated robbery.

means the right to effective assistance. *Powell v. Alabama,* 287 U.S. 45 (1932). In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604-605, 235 A. 2d 349 (1967), the Pennsylvania Supreme Court stated the test to be used in determining counsel's effectiveness: "We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." [2] In *Commonwealth v. Hill,* 427 Pa. 614, 617, 235 A. 2d 347, 349 (1967), the Supreme Court added that "before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy *actually* employed was so unreasonable that no competent lawyer would have chosen it."

In the present case, appellant's attorney did move for mistrial, but only after the Commonwealth had rested. The narrow issue is therefore whether the decision to delay making the motion had any reasonable basis. The trial judge in denying the motion stated: "If defendant deemed co-defendant's presence and testimony to be of a crucial nature, and essential to his interests, he should have made a timely motion for mistrial, rather than wait until the conclusion of the Commonwealth's case." It does not follow from this observation, however, that the decision to delay making the motion had no reasonable basis.

---

2. *Accord, Commonwealth v. Hudson,* 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. McKee,* 226 Pa. Superior Ct. 196, 313 A.2d 287 (1973).

Appellant was represented by a privately-retained attorney with many years of experience. The attorney did not testify at the post conviction hearing, but the trial record indicates that he had had access to the District Attorney's files and had carefully investigated the facts of the case, and he vigorously cross-examined all witnesses. The attorney may have believed that his best chance of having the motion for mistrial granted was to wait until he had called Johnson as a defense witness, and then argue, as he did, that continuation of the trial without Johnson would violate appellant's rights under Article I, Section 9 of the Pennsylvania Constitution.[3] This argument is not "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Hill, supra* at 617, 235 A. 2d at 349. To be sure, the argument could have been made immediately after Johnson's disappearance, but it would not have been unreasonable for the attorney to conclude that the argument would have greater impact once Johnson had in fact been called as a witness. In addition, making the motion after calling Johnson might support an inference by the jury that had Johnson testified he would have exonerated appellant, which was consistent with the general defense strategy to discredit the Commonwealth's witnesses and portray appellant as an innocent bystander. Just because the strategy was not successful does not mean that it was constitutionally ineffective. As stated in *Commonwealth v. Hill,* 450 Pa. 477, 482, 301 A. 2d 587, 590 (1973) : "This Court will not substitute its 'hindsight evaluation of the record' to retrospectively determine whether counsel's decision had any reasonable basis. If counsel's actions at the time of the trial were reasonable, that is sufficient." Under the circumstances of this case, we can-

3. "In all criminal prosecutions the accused hath a right . . . to have compulsory process for obtaining a witness in his favor." Pa. Const. art. I, §9.

not find that the decision by appellant's attorney to delay making the motion for mistrial was so unreasonable that his representation was constitutionally ineffective.

Affirmed.