375 A.2d 392

**COMMONWEALTH of Pennsylvania**

v.

**Robert BARNES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1977.

Decided June 29, 1977.

580

582

Marilyn J. Gelb, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant's first trial, following a denial of his motion to suppress, resulted in a mistrial when the jury could not reach a verdict. Appellant's second trial, also before a jury, resulted in his conviction of burglary of a State Liquor store and aggravated assault. The resulting judgment of sentence was affirmed *per curiam*. *Commonwealth v. Barnes,* 223 Pa.Super. 705, 296 A.2d 53 (1972). This appeal is from a denial of PCHA relief. Appellant raises four claims of ineffectiveness of counsel. Three of these claims are without merit, but since the PCHA judge failed to consider the fourth claim, we remand for consideration of that claim.

## I

█ Appellant alleges that his trial counsel, who also represented appellant on his first appeal, was ineffective. "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The burden of establishing this claim is upon appellant. *Commonwealth v. Logan,* 468 Pa. 424, 364 A.2d 266 (1976).

## A

Appellant's first claim is in two parts.

### (1)

■ At trial a police officer testified that when appellant was arrested, at the residence of his uncle, a pistol was found near his feet. This pistol was introduced into evidence at the second trial; it had not been introduced into evidence at the first trial. At the PCHA hearing appellant testified that the pistol had not been near his feet, but in an upstairs bedroom with his aunt.[1] Appellant claims that counsel was ineffective for failing to call his aunt to testify at trial. However, appellant did not call the aunt to testify at the PCHA hearing. Appellant further admits that he is unaware of her whereabouts, so it is unclear that she would ever be able to be called as a witness. Trial counsel is deceased, and therefore no rebuttal of appellant's testimony is possible. Appellant's self-serving, unsupported testimony is not sufficient to demonstrate that counsel failed to call an available and valuable witness, or to meet appellant's burden of presenting competent evidence of an omitted meritorious claim.

### (2)

■ During counsel's closing remarks he evidently erroneously stated that the pistol had not been introduced into evidence. He was corrected by the prosecutor in his own closing speech. During his speech, the prosecutor waved the gun. Counsel objected to this action on the ground that the gun had not been admitted into evidence, but when informed that it had been admitted, he withdrew his objection. Appellant contends that counsel was ineffective for failing to preserve his objection, and cites *Commonwealth v. Glover,* 446 Pa. 492, 286 A.2d 349 (1972). In *Glover,* the objection was to the prosecutor's display of a knife during his closing

---

1. The notes of testimony of the PCHA hearing have not been transcribed. Recitation of the testimony below is taken from appellant's brief.

speech when in fact no knife had either been recovered by the police or introduced into evidence. Appellant's contention that counsel was ineffective for not objecting to the introduction of the gun fails to consider that counsel had unsuccessfully sought to exclude the gun in his pre-trial suppression motion.

## B

■■ At appellant's first trial one Walter O'Rourke, who had participated in the crime, and whose statements to the police had led to appellant's arrest, testified for the Commonwealth. At the second trial the Commonwealth chose not to call O'Rourke. However, in his opening statement, and at various points during the trial, defense counsel elicited testimony regarding discrepancies in O'Rourke's statements to the police. Appellant contends that this procedure was harmful to his case, and denied him his right to confrontation, and that therefore counsel's assistance was ineffective. Appellant has not demonstrated, however, how the elicited testimony was harmful to his defense. Rather, it would appear that counsel's procedure was a tactical decision, designed to demonstrate O'Rourke's unreliability without subjecting appellant to further incrimination by O'Rourke's direct testimony. It would appear that this decision had some reasonable basis designed to effectuate his client's interests. It must be remembered that "[t]he test is not whether other alternatives were more reasonable." *Commonwealth v. McCoy,* 232 Pa.Super. 477, 480, 334 A.2d 684, 686 (1975).

## C

■ At trial defense counsel questioned Detective Gallagher as follows:

Q: Did you ever take a statement from Mr. Barnes, the defendant?

A: Mr. Barnes refused to make any statement whatsoever.

N.T. 51.

In his closing argument counsel explained the Fifth Amendment privilege. Appellant contends that these two references to his exercise of his Fifth Amendment right were a violation of that right, and that therefore counsel's assistance was ineffective.

■ In *Commonwealth v. Kahley,* 467 Pa. 272, 356 A.2d 745 (1976), the Supreme Court stated:

The constitutional protection involved will not tolerate the Commonwealth or the Court suggesting that an accused's silence is evidence of guilt. Thus, the inapplicability of this principle is obvious where, as here, the testimonial reference to the accused's silence was first introduced by the defense.

*Id.* 467 Pa. at 277, 356 A.2d at 748.

Since appellant did not testify at trial, it is understandable that counsel would want to explain this silence in his closing argument. Counsel's question on cross-examination of the detective can be viewed as an effort to show the consistency of appellant's behavior, and to remove any suspicion that his silence at trial was engendered by fear of impeachment of a prior incriminating statement. Due to counsel's death, we cannot ascertain what, in fact, counsel intended to achieve by his strategy; however, we can conclude that his actions had some reasonable basis.

## II

Appellant's fourth claim is that his attorney was ineffective because he failed to preserve the issue of an invalid line-up. The PCHA judge found that this issue had been finally litigated within the meaning of § 4(a)(2) of the Post Conviction Act[2] in that it had already been ruled upon on the merits by this Court on the prior appeal.

■ It is true that on his prior appeal appellant contended that his line-up was invalid because it was unduly suggestive, and therefore *that* issue has been finally litigated. It is also true that when an issue has been litigated,

2. Act of Jan. 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. 1180–4.

relitigation may not be achieved by advancing a different theory in support of the issue. *Commonwealth v. Orr,* 450 Pa. 632, 301 A.2d 608 (1973); *Commonwealth v. Slavik,* 449 Pa. 424, 297 A.2d 920 (1972). Here, however, appellant is not attempting to relitigate the issue of whether the line-up was suggestive. Rather, he claims that his attorney was ineffective in failing to raise the fact that he was not represented by counsel at the line-up. This issue has not been litigated. In fact, since appellant was represented by the same attorney at trial and on his first appeal, the PCHA petition was the first time that the issue could have been properly raised. *See Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

Therefore, since appellant properly raised this issue at his PCHA hearing, we remand for consideration of this issue.

### PER CURIAM ORDER

The case is remanded for consideration of appellant's allegation that his trial counsel was ineffective for failing to raise the issue that appellant was not represented at his line-up. This issue, as distinguished from the issue of the suggestiveness of the line-up, has not been raised on any prior appeal. Otherwise, the order of the lower court is affirmed.

VAN der VOORT, J., dissents.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

I dissent because I believe that the majority's disposition of this case is premature. I would remand the case for transcription of the PCHA hearing notes of testimony, thus permitting review of a complete record.