419 A.2d 1312
**COMMONWEALTH of Pennsylvania**

v.

**Burnish K. WARNER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed May 9, 1980.

600

Peter T. Campana, Williamsport, for appellant.

Robert P. Banks, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was convicted by a jury of robbery, 18 Pa. C.S. § 3701. The trial court denied post–verdict motions and imposed a sentence of eight to thirty months imprisonment, a $250 fine, and $2,268.69 restitution. On appeal from that judgment of sentence, three questions were presented, including one of alleged ineffectiveness of trial counsel. Without deciding any issues, this court vacated the judgment of sentence and remanded for a hearing on the ineffectiveness issue. After remand, appellant filed in the court below a motion for a new trial based on alleged after–discovered evidence. The court below held a combined hearing on the issues of ineffectiveness and after–discovered evidence. The court determined that appellant was not enti-

tled to a new trial on either ground, and entered an order reinstating the original judgment of sentence. In this appeal from that order, appellant raises both the after–discovered evidence issue and the three issues originally presented, including the ineffectiveness question. We affirm.

Appellant's first contention is that the trial judge erred by failing properly to clarify questions asked by the jury concerning credibility and reasonable doubt, and by refusing appellant's request for further instructions on the issue of identification. After deliberating for some time, the jury returned to the courtroom with the following questions:

"By the Foreman:

Your Honor, we have a few questions on, well, the way they are written, does reasonable doubt and credibility go hand in hand, and please define each, and we were undoubtful [sic], can this case be decided on credibility alone?"

The trial judge then gave detailed supplemental instructions concerning reasonable doubt and credibility. A careful reading of these instructions, covering more than four pages in the transcript, shows that the definitions and applications in both areas were set forth clearly and precisely.

Appellant argues that the trial judge abused his discretion by refusing defense counsel's request for an additional charge that a credible witness can be mistaken in an identification. As the trial judge indicated in refusing this request, this point had been thoroughly covered in the original charge. The jury's original question gave no indication that they were confused on the relationship of credibility to identification, but only on the relationship between credibility and reasonable doubt. Moreover, the trial judge specifically asked the jury if his supplemental charge on credibility and reasonable doubt was sufficient to resolve their problem, and they indicated that it was. The judge asked if there were any other questions, but no member of the jury had any. Before sending the jury out, the judge again informed them that they could come back with any further questions or problems which should arise, but the

jury never brought up any additional questions. Under these circumstances, there was no abuse of discretion in refusing the requested supplemental instruction. *See Commonwealth v. Tervalon*, 463 Pa. 581, 592, 345 A.2d 671, 677 (1975).

*Commonwealth v. Van Wright*, 249 Pa.Super. 451, 378 A.2d 382 (1977), on which appellant relies, does not support his position. In that case, the trial judge gave the jury only the standard charges on credibility and reasonable doubt, but never gave a requested specific charge on alibi, to which the defendant in that case was entitled. Here the trial judge had already covered the requested point in his main charge. The judge properly refused to repeat this point as part of the supplemental charge, since the jury had made no inquiry concerning it. The judge had no obligation to give supplemental instructions beyond those requested by the jury. *Commonwealth v. Tervalon, supra.*

■ Appellant's second claim is that the trial judge erred in refusing to declare a mistrial when the jury learned that a defense witness was a probation officer. At the time of the robbery, appellant had been in the A.R.D. program. *See* Pa. R. Crim. P. 175–185. The defense called the probation officer to testify concerning appellant's appearance for the purpose of showing that his appearance was different from the description given by the Commonwealth's witnesses. In his testimony, the probation officer did not indicate the nature of his professional relationship with appellant, but simply stated that he was a county employee who did not know appellant but knew what he looked like.

At the time that defense counsel made his request for supplemental instruction on identification previously discussed, he also pointed out to the court that while the jury was still in the courtroom after receiving its supplemental instruction on reasonable doubt and credibility, the court had returned to the sentencing proceeding in which another defendant was being sentenced. The probation officer was participating in that sentencing proceeding and the court had referred to him as a probation officer in the presence of

the jury. Defense counsel requested that the court instruct the jury that appellant had no prior criminal record, that the probation officer had not seen appellant in his official capacity, and that appellant was not on probation. Those requests were refused, and defense counsel moved for mistrial, which was denied.

Appellant contends that the jury's discovery that the witness was a probation officer would lead to a reasonable inference of prior criminal activity by appellant, and therefore a mistrial should have been granted. We disagree. In *Commonwealth v. Riggins*, 478 Pa. 222, 230–31, 386 A.2d 520, 524 (1978), our Supreme Court concluded that testimony by a Philadelphia policeman that he went immediately to the defendant's house in investigating a murder because he already knew where the defendant lived, was not so prejudicial as to require a mistrial. The Court stated that an inference that the defendant had been engaged in prior criminal activity would require the jury to engage in gross speculation. *Cf. Commonwealth v. Starks*, 484 Pa. 399, 408–09, 399 A.2d 353, 357 (1979) (plurality opinion). Here an inference of prior criminal activity, based on the fact that a witness who knew what appellant looked like was a probation officer, would be at least as speculative as in *Riggins*. Since the jury's discovery of the probation officer's professional status did not convey the fact of prior criminal activity expressly or by reasonable implication, the motion for mistrial was properly denied. *Commonwealth v. Nichols*, 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979).

■ After the verdict of guilty was in, at defense counsel's request, the trial judge questioned the jurors whether they had noticed the probation officer and whether the subject had come up during deliberations. A number of jurors indicated that they had noticed the probation officer, and the foreman stated that it had been mentioned during deliberations that he was a parole officer. The court asked if any jurors had assumed that appellant had a prior criminal record, and if the knowledge that the witness was a probation officer had affected their decision in any way. All

jurors indicated that they had not assumed that appellant had a prior record, and that their decision had not been affected at all. Defense counsel said he was satisfied and had no further questions. Appellant now contends that the court should have proceeded to question each juror individually concerning any possible effect on the decision. We disagree. Defense counsel did not even request any further questioning of the jurors. The trial judge had already granted appellant a highly unusual form of relief by conducting the post–verdict colloquy to determine if there had been any prejudice to appellant. There was no indication from that general colloquy that there had in fact been any prejudice; all indications were to the contrary. Without determining that appellant was necessarily entitled to the general colloquy that was conducted, we see no error in the judge's not going further than even defense counsel had requested and conducting an individual colloquy with each juror, when all jurors had already indicated that their decision had not been affected.

■ The third issue raised by appellant is the question of ineffectiveness of trial counsel, which brought about our remand for a hearing. At the hearing, appellate counsel presented no new evidence, but rested the claim solely on the trial record. That record showed that shortly before the beginning of trial, the prosecutor gave defense counsel a copy of a report of an anonymous phone call received by police about a month earlier. The caller had stated that four days after the robbery he was standing at a bar called the Park Grill, where he overheard a conversation in which a white male told a black male that he had committed the robbery. The white male then pulled out a roll of bills and bought the black male a drink. The anonymous caller had asked the person next to him what the white male's name was, and he said it was Berrigan. The anonymous caller did not know the name of the person who had given him Berrigan's name. The prosecutor informed defense counsel that the police had investigated further, but had not turned up any additional information.

As trial commenced, defense counsel sent an investigator to see if Berrigan could be located. By the second day of trial, the investigator had been unable to locate Berrigan, and had no promising leads for further investigation. Defense counsel moved for an indefinite continuance, which was denied on the ground that it was extremely unlikely that Berrigan could be located by the next term of court. Defense counsel's alleged ineffectiveness consists of failing to make his motion for a continuance immediately upon learning of the anonymous phone call, rather than waiting until the second day of trial. This claim of ineffectiveness is meritless. Even if we assume that the anonymous phone caller was telling the truth, and assume that he received accurate information from the bystander whose name he did not know, we still have no indication whatsoever that Berrigan could ever be located in order to testify. Moreover, as the trial judge pointed out, even if Berrigan could be located, it is extremely unlikely that he would waive his privilege against self–incrimination in order to exonerate appellant. By the time of the hearing on remand, appellant had still not located Berrigan in order to show that what his testimony would be, or even that he would be willing to testify. Given these facts, we cannot find that defense counsel failed to obtain an available and valuable witness. *See Commonwealth v. Barnes*, 248 Pa.Super. 579, 583, 375 A.2d 392, 394 (1977).

■ Appellant's last claim is that a new trial should be granted because of alleged after–discovered evidence. At the hearing on remand, appellant presented testimony by a woman who said that her husband and his brother had come home shortly after the robbery and told her that they had committed it. She also testified that they had described to her how the robbery had been committed, and counted out the loot in her presence. As the trial judge demonstrates in his opinion, much of her testimony concerning the alleged description of the robbery by the husband and his brother contradicts known facts. Moreover, the witness at first testified that she did not know appellant well, but later

admitted that he was a good friend. She also admitted that she hated her husband. She was unable to explain why she had waited a year and a half to come forward with the alleged evidence to exculpate appellant. Under these circumstances, we agree with the court below that the witness's testimony was not likely to compel a contrary result, and therefore the motion for new trial on the ground of after–discovered evidence was properly denied. *See Commonwealth v. Ryder*, 488 Pa. 404, 409, 412 A.2d 572, 574 (1980); *Commonwealth v. Tervalon, supra* 463 Pa. at 586–89, 345 A.2d at 674–75.

Order affirmed.