Commonwealth *v.* Barlow, Appellant.

Submitted May 24, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Victor A. Bihl,* and *Reynolds, Bihl and Schaffner,* for appellant.

*James G. Morgan, Jr.,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, December 20, 1971:

Samuel Barlow, Jr., Foster Lee Tarver and Sharon Margarett Wiggins committed an armed robbery of a bank in Harrisburg, and during the robbery Tarver and Wiggins fatally shot one of the bank's customers. All three felons were indicted for murder, and subse-

quently, Barlow entered a general plea of guilty to the indictment. After an evidentiary hearing before a three-judge court, he was found guilty of murder in the first degree and sentenced to life imprisonment. Barlow filed this appeal.

The prime question posed by the appeal has been decided adversely to appellant's position in the companion case of *Commonwealth v. Tarver*, 446 Pa. 233, 284 A. 2d 759 (1971), and additional discussion of this issue is not needed here.

Additionally, it is urged that the felony-murder rule should not have been applied by the court below in determining Barlow's degree of guilt because the evidence disclosed he did not commit the homicide personally, and also was not inside the bank at the moment the fatal shooting occurred. There is no merit to this contention.

At the hearing below to determine the degree of guilt, the uncontradicted testimony of the Commonwealth established, inter alia, the following facts: Before the robbery Barlow actively participated in stealing two automobiles to be used in effecting the robbery and to aid the felons in escaping arrest; these automobiles were operated by Barlow personally as the felons fled and attempted to avoid apprehension by the police; during the robbery Barlow was in the bank participating in its commission by holding bank employees and customers at bay by gunpoint; and, as the felons emerged from the bank, Barlow held a police officer at bay by gunpoint while his cofelons entered the escape automobile.

On this record, the court below did not err in applying the felony-murder rule in determining Barlow's degree of guilt. Cf. *Commonwealth v. Williams*, 443 Pa. 85, 277 A. 2d 781 (1971), and *Commonwealth v. Batley*, 436 Pa. 377, 260 A. 2d 793 (1970).

Judgment affirmed.

CONCURRING OPINION BY MR. JUSTICE ROBERTS AND MR. JUSTICE POMEROY:

We concur in the result for the reason that the record establishes that the trial court did not err in rejecting appellant's claim of lack of felonious intent.