387 A.2d 860

**COMMONWEALTH of Pennsylvania**

v.

**Gregory McNEAL, Petitioner (two cases).**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1977.

Decided June 2, 1978.

Rudolph S. Pallastrone, Philadelphia, for Gregory McNeal.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

PER CURIAM.

█ Petitioner's first three contentions are that his trial counsel was ineffective for (1) failing to attempt to establish

that petitioner's conduct was not the legal cause of death; (2) failing to explore the existence of a second conspiracy to which petitioner was not a party and failing to request an instruction to that effect; (3) failing to establish that the felony-murder doctrine was not applicable and failing to request an instruction to that effect. These three contentions bear directly on the issue of petitioner's liability as a co-conspirator. Since this issue was fully considered by this Court in petitioner's direct appeal, *Commonwealth v. McNeal,* 456 Pa. 394, 396–97, 319 A.2d 669, 671–72 (1974), it is finally litigated and not open to collateral attack. 19 P.S. §§ 1180–3(d), 1180–4(a)(3) (Supp. 1977–78).

■ Petitioner also contends that his trial counsel was ineffective for (1) failing to submit adequate points for charge on the defense of withdrawal from conspiracy and failing to object specifically to the trial court's instruction thereto and to pursue the issue post-trial; (2) failing to object to the remainder of the trial court's instruction on conspiracy; (3) failing to assert a defense theory of voluntary manslaughter and failing to request an instruction on voluntary manslaughter; (4) failing to object to several comments made by the prosecutor during his opening and closing remarks. We have considered the above contentions and find them to be without merit.

Order affirmed.