401 A.2d 742

**COMMONWEALTH of Pennsylvania**

v.

**Jose Cruz MORALES, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 16, 1979.

Decided May 31, 1979.

Terry D. Weiler, Reading, for appellant.

J. Michael Morrissey, Dist. Atty., Berks County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

In *Commonwealth v. Morales*, 452 Pa. 53, 305 A.2d 11 (1973), we decided on direct appeal the same question advanced by the same appellant in this appeal, whether the trial court erred in denying appellant's motion to withdraw his guilty pleas.[1] Appellant slightly rephrases this issue in this appeal from the denial of his petition for relief under the Post-Conviction Hearing Act.[2] Specifically, we are asked to decide whether appellant should be permitted to withdraw his pleas of guilty on the alleged ground that the pleas were not voluntary, knowing and intelligent pleas. This is a classic example of an attempted use of post-conviction proceedings to relitigate an issue which was decided on the merits in a prior direct appeal to this Court. We, therefore, affirm the dismissal of appellant's petition for relief under the Post-Conviction Hearing Act.

In our previous decision, we found:

Since the record in the instant case fully supports the court's finding that appellant originally decided to plead guilty because "he felt that the Commonwealth's testimony proved his guilt" (opinion of the trial court) and that this decision was a knowing and voluntary one, we do not find that the court abused its discretion in refusing to allow the withdrawal of the plea.

1. Appellant was indicted for the murders of two women in Berks County. His trial began on March 13, 1972, and on March 20, 1972, at the end of the Commonwealth's case, appellant, while represented by counsel, entered guilty pleas to both counts of murder. After a colloquy between appellant and the court, the pleas were accepted. On June 22, 1972, appellant was called for sentencing, at which time appellant stated that he was not guilty of the crimes charged and that he wished to withdraw his guilty plea. After taking testimony from appellant that because of language difficulties and "emotional pressure" caused by so many accusations of guilt against him, appellant's plea was not knowing and voluntary, the court denied appellant's motion and sentenced him to two consecutive terms of four to twenty years' imprisonment and eight to twenty years' imprisonment respectively.
   *Commonwealth v. Morales*, 452 Pa. 53, 54, 305 A.2d 11, 12 (1973).

2. Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1, et seq.

*Commonwealth v. Morales, supra,* 452 Pa. at 56, 305 A.2d at 13–14.

The above language should satisfy any doubt that the issue of whether appellant's guilty pleas were made knowingly, intelligently and voluntarily was finally litigated in his former direct appeal to this Court.

For the purposes of this act, an issue is finally litigated if:

\* \* \* \* \* \*

(3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue".

Act of January 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. § 1180–4(a)(3) (supp.1979).

*See, e. g., Commonwealth v. McNeal,* 479 Pa. 112, 387 A.2d 860 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Bennett,* 472 Pa. 314, 372 A.2d 713 (1977); *Commonwealth v. Milliken,* 456 Pa. 527, 321 A.2d 652 (1974).

In the post conviction proceeding, appellant simply attempted to refine those factors which he urges prevented him from entering a voluntarily, knowing and intelligent plea to the charges. Nevertheless, the basic question is the same that was presented in the direct appeal, and we will not again entertain it.

Order affirmed.