404 A.2d 388

**COMMONWEALTH of Pennsylvania**

v.

**Lewis J. HARE, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 1979.

Decided July 6, 1979.

Nathaniel W. Boyd, IV, Bruce C. Bankenstein, York, for appellant.

John C. Uhler, Dist. Atty., Sheryl Ann Dorney, York, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In this appeal from denial of relief under the Post Conviction Hearing Act,[1] appellant, Lewis J. Hare, Jr., asserts that he should be permitted to withdraw his guilty plea to murder generally because counsel on direct appeal was ineffective for failing to raise as error that the trial court, prior to accepting appellant's guilty plea, did not explain the nature of malice at the guilty plea colloquy. We agree, reverse the order of the PCHA court and remand to afford appellant an opportunity to withdraw his plea.[2]

Appellant was indicted for the murder of Jesse Ingram. On March 24, 1975, appellant, assisted by counsel, entered a plea of guilty to murder generally and, after a colloquy, the trial court accepted the plea. The court then held a degree of guilt hearing, found appellant guilty of murder of the first degree and sentenced him to life imprisonment. Subse-

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1978–79).

2. We hear this appeal pursuant to the Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1978–79), and the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1978–79).

quently, the court appointed new counsel for the purpose of filing post-verdict motions and motions in arrest of judgment nunc pro tunc. Counsel first filed a post-verdict application, alleging that trial counsel's ineffective assistance had coerced appellant into pleading guilty. After denial of the application, counsel, on November 10, 1975, filed post-verdict motions. The court denied the motions. Represented by the same counsel, appellant filed a direct appeal to this Court, raising the same grounds of ineffective assistance of trial counsel raised in the post-verdict application. On December 21, 1977 the judgment of sentence was affirmed. See *Commonwealth v. Hare,* 475 Pa. 234, 380 A.2d 330 (1977) (Opinion of Packel, J.; Eagen, C. J., O'Brien, Pomeroy & Nix, JJ., concurring in the result; Roberts & Manderino, JJ., filed dissenting opinions).

On April 20, 1978, appellant filed a petition under the Post Conviction Hearing Act. The PCHA court appointed new counsel, who supplemented appellant's petition. The amended petition alleged, inter alia, that appellate counsel had been ineffective for failing to raise the inadequacy of the guilty plea colloquy which did not properly inform appellant of the element of malice. The PCHA court denied relief and this appeal followed.

I

The PCHA court held that any alleged defect in the plea colloquy had been finally litigated on direct appeal and that appellant could not attempt to relitigate the validity of the colloquy by alleging ineffective assistance of appellate counsel. The PCHA court erred.

For the purposes of the PCHA, an issue is finally litigated if "[t]he Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue." § 4, 19 P.S. 1180–4(a)(3); *Commonwealth v. Morales,* 485 Pa. 228, 401 A.2d 742 (1979); *Commonwealth v. McNeal,* 479 Pa. 112, 387 A.2d 860 (1978). The only issue appellant raised on direct appeal was the ineffective assistance of trial counsel. Appellant alleged that he was induced to plead guilty be-

cause trial counsel made false and misleading statements and otherwise failed to provide adequate advice. Appellant's PCHA petition raised a new and independent issue, ineffectiveness of appellate counsel. Representation by ineffective appellate counsel gives rise to an independent basis for relief even where, as here, assessment of the ineffectiveness claim may trigger review of facts examined earlier for entirely different reasons. Appellant's PCHA assertions that the trial court did not conduct a valid colloquy, as required by Pa.R.Crim.P. 319, and that appellate counsel was ineffective for failing to raise that issue, did not merely rephrase his contentions on direct appeal that trial counsel, before the colloquy, was ineffective in advising him to plead guilty, see *Commonwealth v. Morales,* supra, or advance new theories of recovery for the same issue. *See Commonwealth v. Frazier,* 455 Pa. 162, 314 A.2d 16 (1974); *Commonwealth v. Orr,* 450 Pa. 632, 301 A.2d 608 (1973); *Commonwealth v. Slavik,* 449 Pa. 424, 297 A.2d 920 (1972) (alternate holding). Compare *Commonwealth v. Barnes,* 248 Pa.Super. 579, 375 A.2d 392 (1977) (allegation on collateral attack that trial counsel was ineffective for failing to raise claim that appellant was not represented by counsel at a lineup was not finally litigated on direct appeal in which appellant claimed that the lineup was unduly suggestive). Indeed, appellate counsel could not raise his own ineffectiveness on direct appeal. Thus, appellant's first opportunity to raise the ineffectiveness of appellate counsel was in this PCHA proceeding. *Commonwealth v. Gardner,* 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). The issue of ineffective assistance of appellate counsel raised in these PCHA proceedings was not litigated on direct appeal. Accordingly, we reach the merits of appellant's PCHA claim.

## II

Appellant contends that the trial court, at the plea colloquy, did not explain the meaning of malice or that it was an element of murder of the first degree. At the colloquy, the court stated:

"Now, you understand of course that the charge here is criminal homicide and by entering a plea of guilty, you are admitting that you did take the life of another, that your act was the cause of death and that you did this without any of the defenses that would otherwise be available and this of course constitutes the knowing cause of death of another human being."

This statement did not inform appellant of the nature of malice. Malice will be found if the actor committed a killing with an intent to kill or to inflict serious bodily harm, or consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm. *In re Estate of Klein,* 474 Pa. 416, 424 n.21, 378 A.2d 1182, 1186 n.21 (1977); see *Commonwealth v. Chumley,* 482 Pa. 626, 394 A.2d 497 (1978). The court's comment that murder signifies a "knowing cause of death" did not begin to touch upon the definition of malice.

■ We established in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), that, to ensure that an accused pleading guilty to murder understands the nature of the charges against him, the court, on the record, must explain the elements of the crime of murder. See Pa.R.Crim.P. 319 and comment thereto. As in *Ingram,* appellant "was entitled to an explanation of the crime of murder with an illustrative elucidation of the term 'malice.'" Id., 455 Pa. at 204, 316 A.2d at 80. At his plea colloquy held 14 months after *Ingram,* appellant did not receive this necessary explanation. See *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976) (felony murder).

The Commonwealth argues that the colloquy was not defective. First, the Commonwealth contends that the court's failure to use the standard language "feloniously and with malice aforethought" should not render an otherwise valid colloquy improper. The error of the Commonwealth's argument is that the colloquy was not otherwise valid. The court was free to conduct the colloquy in language of its choice. Whatever words the court chose, however, it had to tell appellant that malice was an element of a crime for

which his plea would make him liable and ensure that appellant understood the meaning of malice. Cf. *Commonwealth v. Hobson,* 484 Pa. 250, 398 A.2d 1364 (1979) (court may couch jury instructions in language of its choice, so long as elements of offense are accurately defined).

█ Next, the Commonwealth asserts that appellant admitted facts during the colloquy showing that he had shot and killed the victim. These admissions cannot serve to relieve the trial court of its obligation to inform appellant of the nature of the charges. The admissions establish only the factual basis necessary for a valid guilty plea. See Comment to Pa.R.Crim.P. 319; *Commonwealth v. Chumley,* supra. They do not reveal that appellant understood the concept of malice. *Commonwealth v. Ingram,* supra.

█ Finally, the Commonwealth argues that inquiry during the plea colloquy into the presence or absence of malice would have been improper, for it could have prejudiced appellant's efforts to present facts at the degree of guilt hearing to reduce the degree of the offense. The Commonwealth's position both contradicts the law and misses the essence of appellant's contention. Inquiry into the existence of malice is necessary whenever an accused pleads guilty to murder, in order to establish a factual basis for the plea. See Comment to Pa.R.Crim.P. 319. Moreover, appellant's point is that, regardless of the propriety of an inquiry into the existence of malice, the court did not provide the required explanation of the element of malice.

We therefore conclude that the plea colloquy was patently defective under Pa.R.Crim.P. 319 and *Commonwealth v. Ingram,* supra. See *Commonwealth v. Tabb,* 477 Pa. 115, 383 A.2d 849 (1978); *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977); *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976). We also conclude that appellate counsel was ineffective in failing to raise this defect. Appellate counsel should have been aware of Pa.R.Crim.P. 319 and *Ingram,* which had been decided nearly two years before he filed post-verdict motions. Here, where appellate counsel

was appointed for the sole purpose of aiding appellant in seeking withdrawal of the plea there can be no justification for failing to raise the inadequacy of the colloquy. Thus, appellate counsel's course of action in neglecting to raise this error had no reasonable basis. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); see *Commonwealth v. Holmes,* supra.

We therefore reverse the order of the PCHA court and remand to permit appellant to withdraw his plea.

Order reversed and case remanded.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent.

This case has been beaten to death through motions, appeals and remands. At the rate that the Majority keeps nursing this case along, it will be around in the year 2000. I would affirm and in support thereof, cite the lower court's (the Honorable Albert G. Blakey, III) opinion:

The principal attack upon appellate counsel, and the issue on which new counsel has supplemented the pro se petition is the claim that appellate counsel did not fully and properly attack the colloquy that preceded the acceptance of the guilty plea. Once again, we believe that this issue had been litigated and resolved. We note that the . . . [Supreme Court] Opinion which affirmed judgment referred to "an extensive and thorough colloquy" and contained the following conclusion:

"The record and particularly the colloquy at the time of the plea reveal a thorough and conscientious attempt by the court, counsel and the district attorney to make sure that the plea was intelligent and with full understanding."

Under the guise of an effectiveness argument, we do not favor admitting present counsel to reopen the subject and advance new ideas why the colloquy was insufficient.