406 A.2d 1025

**COMMONWEALTH of Pennsylvania,**

v.

**Samuel James BARLOW, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 1979.

Decided Oct. 4, 1979.

Samuel James Barlow, in pro. per.

Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In this appeal from denial of relief under the Post Conviction Hearing Act, appellant, Samuel James Barlow, Jr., asserts that he should be permitted to withdraw his guilty plea to murder generally because trial counsel was ineffective for failing to object to the entering of said plea as it was not entered intelligently, knowingly, voluntarily with an understanding of the nature of the charges. We disagree with appellant and affirm the lower court's decision.

On the morning of December 2, 1968, appellant, acting in concert with Foster Tarver and Sharon Wiggins, executed an armed robbery of the Market Street Branch of the Dauphin Deposit Trust Company in Harrisburg, Pennsylva-

nia, at which time a customer was shot and killed. Appellant and his co-defendants pled guilty to murder generally in June, 1969 and following an extensive and thorough colloquy by the court, Commonwealth and defense attorneys, the trial court accepted the plea. The court then held a degree of guilt hearing, found appellant guilty of murder of the first degree and subsequently imposed life sentences.

An appeal from the judgment was affirmed by this court, at which time appellant pursued an intoxication defense, not questioning the validity of the guilty plea. *Commonwealth v. Barlow*, 446 Pa. 263, 284 A.2d 768 (1971).

On March 28, 1973, appellant presented his first Post Conviction Hearing Act Petition which was denied without hearing. There was no appeal from denial of the first PCHA petition. Appellant filed a second PCHA petition on March 6, 1978 which was also denied. Denial of the second PCHA petition is the substance of the herein appeal.

Appellant requested that no counsel be appointed to represent him in either PCHA petition or on this appeal.

Appellant first requested the court to review the decision of the lower court denying his first PCHA petition. The issues presented questioned defense trial counsel's effectiveness for failing to pursue an intoxication defense and therefrom the guilty plea was not intelligently and knowingly entered. The issues raised therein have been waived or previously litigated. Appellant did not appeal the first PCHA trial court's decision, has not alleged nor proven that failure, to do same, was not a knowing and understanding decision, nor that extraordinary circumstances existed to justify failure to appeal. Act of January 25, 1966, P.L. (1965), 1580, § 4, 19 P.S. 1180–4; *Commonwealth v. Ditmore*, 242 Pa.Super. 248, 363 A.2d 1253 (1976); *Commonwealth v. Caskie*, 228 Pa.Super. 231, 323 A.2d 248 (1977).

The merits of the intoxication defense, raised in appellant's first PCHA petition, had been decided adversely to appellant and his co-defendant by this court on direct appeal. *Commonwealth v. Tarver*, 446 Pa. 233, 284 A.2d 759

(1971), *Commonwealth v. Barlow,* 446 Pa. 263, 284 A.2d 768 (1971). Ineffective assistance of counsel and unlawful inducement of the guilty plea claim grounded on this intoxication defense were without substance or merit.

Secondly, appellant requested review of the second PCHA petition wherein the issue of the unlawfully induced guilty plea is raised. This issue has been waived since appellant could have, but failed to, raise the issue on appeal to this court in *Commonwealth v. Barlow,* supra, and has not alleged that failure to appeal was not a knowing and understanding decision and lastly, appellant has not alleged the existence of extraordinary circumstances to justify failure to raise the issue. 19 P.S. 1108–4(b), *Commonwealth v. Tunnell,* 463 Pa. 462, 345 A.2d 611 (1975).

We therefore affirm the order of the PCHA Court. Order affirmed.