412 A.2d 503

**COMMONWEALTH of Pennsylvania**

v.

**Leroy JONES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided March 20, 1980.

Robert B. Mozenter, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Sarah Vandenbraak, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

272

## OPINION

LARSEN, Justice.

Appellant, Leroy Jones, was convicted by a jury of first degree murder, conspiracy, two counts of aggravated robbery, and burglary. Following the denial of post verdict motions, appellant was sentenced to life imprisonment on the murder charge and to concurrent terms of from ten to twenty years imprisonment on the two aggravated robbery indictments.[1] The judgment of sentence was affirmed by this Court on direct appeal. *Commonwealth v. Jones*, 452 Pa. 569, 308 A.2d 598 (1973).

Thereafter, appellant, represented by new counsel, filed a petition for relief under the Post-Conviction Hearing Act (P.C.H.A.). This petition was dismissed. Represented by the same counsel, appellant then filed an amended petition to the aforesaid petition for relief under the P.C.H.A. in which he challenged the effectiveness of trial counsel's assistance. The amended petition was dismissed, and this appeal followed.

Appellant contends that his trial counsel was ineffective for (1) failing to object to deliberation by the jury on bills of indictment on which appellant contends he was not properly arraigned; and (2) failing to object to the jury being charged on these same bills of indictment.

On the aforementioned direct appeal, this Court examined the arraignment procedure and concluded that no impropriety existed. *Commonwealth v. Jones, supra.*[2] Appellant now urges this Court to reconsider the same issue under an ineffective assistance of counsel theory. Since this issue was fully considered by this Court on direct appeal, it has been finally litigated and is not open to collateral attack. 19 P.S. §§ 1180–3(d), 1180–4(a)(3) (Supp.1979–80); *Commonwealth v. McNeal*, 479 Pa. 112, 387 A.2d 860 (1978). *See Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972) (relitiga-

1. Sentence was suspended on the conspiracy and burglary charges.

2. On direct appeal, appellant contended, as he does here, that he was improperly arraigned on bills of indictment charging conspiracy, two counts of aggravated robbery, and burglary. He also contended that

tion may not be achieved merely because a new or different theory is advanced as a basis for relitigating an issue that has already been decided).

Order affirmed.

ROBERTS and NIX, JJ., each filed a concurring opinion.

EAGEN, C. J., concurs in the result.

ROBERTS, Justice, concurring.

I agree that appellant's conviction must be affirmed, but I believe the majority misperceives the issue raised by appellant. The majority incorrectly represents that appellant now raises "the same issues that this Court decided on direct appeal." Thus, the majority holds that the issues were fully considered and not open to collateral attack.

Appellant's present claim has not been raised previously. Appellant raised on direct appeal the issue of whether the trial court improperly instructed the jury on several crimes for which the Commonwealth brought no indictments. The claim appellant now raises is that trial counsel provided ineffective assistance by failing to object to the trial court's charge. At no earlier opportunity has appellant raised this ineffectiveness. As we have stated "[r]epresentation by ineffective appellate counsel gives rise to an independent basis for relief even where, as here, assessment of the ineffectiveness claim may trigger review of facts examined earlier for entirely different reasons." *Commonwealth v. Hare*, 486 Pa. 123, 128, 404 A.2d 388, 390 (1979).

I would hold appellant has waived his new claim of ineffective assistance. Appellant filed his first PCHA petition shortly after his conviction was affirmed on direct appeal. Although represented by new counsel on that petition, appellant failed to challenge the effectiveness of trial

he was never arraigned on the bill of indictment charging voluntary manslaughter. This Court held that the arraignment procedure on the non-homicide bills of indictment was not improper. *Commonwealth v. Jones, supra.* We further concluded that, although appellant was never arraigned on the voluntary manslaughter bill, he suffered no prejudice since that bill merely duplicated a murder bill on which appellant was properly arraigned. *Id.* at n. 4.

counsel. Appellant, represented by first PCHA petition counsel, seeks to raise the ineffectiveness. Appellant's failure to raise the claim at the earliest opportunity where appellant was represented by counsel other than counsel whose effectiveness is being challenged, resulted in waiver of the issue. 19 P.S. § 1180–4; e. g., *Commonwealth v. Barlow*, 486 Pa. 545, 406 A.2d 1025 (1979).

NIX, Justice, concurring.

I agree with the majority that appellant's claim for Post Conviction Relief was properly denied. The basis offered was ineffective assistance of trial counsel. The cited instances of asserted ineffectiveness were: (a) failure to object to the court's allowance of the jury's consideration of the indictments charging conspiracy, aggravated robbery, and burglary; and (b) failure to object to court's charge as to the voluntary manslaughter bill of indictment.

Appellant contends that the non-homicide indictments and the voluntary manslaughter charge were defective because appellant was not properly arraigned on these indictments. From this premise, he proceeds to argue that counsel was ineffective in not attempting to exclude these charges from the jury's consideration. In the direct appeal we determined that the arraignment procedures did not invalidate these charges. It therefore now must follow that counsel was not ineffective for pursuing a meritless claim.