444 A.2d 1176

**COMMONWEALTH of Pennsylvania,**

**v.**

**Raymond WANAMAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Feb. 5, 1982.

Reconsideration or Reargument En Banc Denied May 18, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

After a nonjury trial on August 17, 1979, Appellant was found guilty of Criminal Conspiracy,[1] Carrying Firearms on Public Streets,[2] Possessing Instruments of Crime—Criminal Instruments Generally,[3] and Aggravated Assault.[4] Appellant was found not to be guilty of Criminal Attempt.[5] The

---

1. 18 Pa.C.S.A. § 903.

2. *Id.*, § 6108.

3. *Id.*, § 907(a).

4. *Id.*, § 2702.

5. *Id.*, § 901.

court denied Appellant's post-trial motions on October 30, 1979; and on December 11, 1979, the court denied Appellant's Motion to Vacate and Reconsider the Sentence Nunc Pro Tunc. This is an appeal from the final Judgment of Sentence.

The complainant (Smith), after leaving a bar with two companions, heard Appellant, who was with a group of people across the street, shout a statement that was unintelligible. When Smith asked whom Appellant had addressed, Appellant replied, "You," and, pulling a knife, began to walk across the street toward Smith. When Smith picked up some bricks, Appellant directed his brother to bring Appellant's loaded rifle, which Appellant subsequently fired at Smith. The bullet hit the wall behind Smith. As Smith ran away, Appellant fired another shot. No one was injured, although approximately thirty people—including some children—were in the vicinity of the shooting.

Appellant raises three issues for our consideration. First, Appellant claims that the evidence was insufficient to establish that he was guilty of aggravated assault. Second, Appellant argues that the conviction for criminal conspiracy should be vacated, first, because it was not based upon sufficient evidence, and, second, because the finding of guilty of criminal conspiracy to attempt to commit murder and that of not guilty of attempt to commit murder constitute inconsistent verdicts. Third, Appellant claims that section 906 of the Penal Code, 18 Pa.C.S.A. § 906,[6] bars convictions for two inchoate crimes—conspiracy and possessing instruments of crime, in the instant case.

For the following reasons, we vacate the judgment of sentence and remand.

In discussing his first issue, Appellant claims that the Commonwealth failed to prove that he attempted to cause serious bodily injury to the complainant.[7] Appellant argues

6. See page 1179, infra.

7. Section (a)(1) of 18 Pa.C.S.A. § 2702 states that a person is guilty of aggravated assault if he:

that the evidence reveals not an intent to injure the complainant but merely an intent to "scare" him. This argument lacks merit.

In *Commonwealth v. Kramer,* 247 Pa.Super.Ct. 1, 371 A.2d 1008 (1977), the court affirmed the principle that the intent to injure may be inferred from reckless conduct that is likely to result in injury. *Id.,* 247 Pa.Superior Ct. at 12, 371 A.2d at 1013. In the instant case, Appellant's act of firing a loaded rifle at the complainant constitutes reckless conduct that is likely to result in injury. Appellant's intent to injure the complainant may be inferred from this conduct.

As the first prong of his second issue, Appellant argues that the conviction for criminal conspiracy was not based upon sufficient evidence. When the issue of insufficiency of the evidence is raised on appeal, the appellate court must view the evidence, together with all reasonable inferences, in the light most favorable to the Commonwealth. *Id.,* 247 Pa.Superior Ct. at 12, 371 A.2d at 1013. In the instant case, Appellant directed his brother to go to Appellant's home and bring a loaded rifle, which Appellant fired in the direction of the complainant.

Third degree murder does not require the specific intent to kill, although it does require malice. *Commonwealth v. Pitts,* 486 Pa. 212, 219, 404 A.2d 1305, 1308 (1979). In *Commonwealth v. Hare,* 486 Pa. 123, 404 A.2d 388 (1979), the court stated that malice may be found if the defendant "consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm." *Id.,* 486 Pa. at 129, 404 A.2d at 391.

In the instant case, Appellant's conduct reveals a conscious disregard of a great risk that he might have inflicted death or serious bodily harm upon Smith. Accordingly, Appellant's conspiracy with his brother to engage in activity that manifests such malice constitutes a criminal conspiracy to commit murder.

attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

■ The other prong of Appellant's second issue is that the conviction for criminal conspiracy to commit murder is inconsistent with the court's finding that Appellant was not guilty of attempted murder. In *Commonwealth v. Rosen*, 141 Pa.Super.Ct. 272, 14 A.2d 833 (1940), the court held that the sufficiency of the evidence, as a matter of law, to sustain a conviction of conspiracy to commit a substantive crime is not affected by the fact that the defendants were acquitted on the substantive charges. *Id.*, 141 Pa.Superior Ct. at 277, 14 A.2d at 835.

Even if these respective verdicts of guilty of conspiracy to commit murder and not guilty of attempted murder were inconsistent, the inconsistency would not constitute grounds for reversal. A judge may render inconsistent verdicts. *Commonwealth v. Harris*, 239 Pa.Super.Ct. 603, 606, 360 A.2d 728, 729 (1976). Thus Appellant's second issue lacks merit.

■ Appellant's third issue is whether or not section 906 of the Penal Code bars Appellant's convictions for two inchoate crimes—conspiracy and possessing instruments of crime. Section 906 states:

A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime.

*Commonwealth v. Tingle*, 275 Pa.Super.Ct. 489, 419 A.2d 6 (1980), is on point with this issue in the instant case. In *Tingle*, the Superior Court held that 18 Pa.C.S.A. § 903 barred the defendant's conviction of both criminal conspiracy and possessing instruments of crime. *Id.*, 275 Pa.Superior Ct. at 499, 419 A.2d at 11. Under *Tingle*, Appellant's conviction for both of the aforesaid crimes constitutes an error of law, and judgment on one of the crimes must be arrested. *Id.*, 275 Pa.Superior Ct. at 500, 419 A.2d at 12.

For the foregoing reasons, the judgment of sentence is vacated; and the case is remanded. The lower court shall arrest judgment on the conviction of either criminal conspiracy or possessing instruments of crime.

POPOVICH, J., files a concurring statement.

POPOVICH, Judge, concurring:

I concur in the result reached by the majority. However, when an appellant is improperly convicted of two inchoate crimes, this court has the option of either remanding for resentencing or amending the sentence directly. 42 Pa.C. S.A. § 706 (1981); *Commonwealth v. Turner*, 290 Pa.Super. 428, 434, 434 A.2d 827, 831 (1981). Herein, since appellant was sentenced concurrently to five years probation for conspiracy and one year probation for possessing instruments of crime, this writer must opine that the interests of judicial economy would be served best by vacating appellant's sentence for possessing instruments of crime.