J. S44004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RONALD BETHEA, | : | No. 2099 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 12, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0305131-2005

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 11, 2016**

Ronald Bethea appeals from the order of June 12, 2014, dismissing his first petition for post-conviction collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Appointed counsel, Craig Mitchell Cooley, Esq., has filed a petition to withdraw.  We grant Attorney Cooley permission to withdraw and affirm the order dismissing appellant's PCRA petition.

On September 19, 2007, following a jury trial, appellant was found guilty of conspiracy to commit third-degree murder in connection with the shooting death of Stephen Brown.  The underlying facts, which are not germane to the instant appeal, are set forth in this court's memorandum affirming the judgment of sentence on direct appeal at pages two through five.  ***Commonwealth v. Bethea***, No. 234 EDA 2008, unpublished

memorandum at 2-5 (Pa.Super. filed January 20, 2010).  On November 26, 2007, appellant was sentenced to 20 to 40 years' imprisonment.  This court affirmed the judgment of sentence on January 20, 2010.  ***Id.***  On September 7, 2010, our supreme court denied appellant's petition for allowance of appeal.  ***Commonwealth v. Bethea***, 71 EAL 2010 (***per curiam***).

On July 15, 2011, appellant filed a timely counseled PCRA petition, alleging that conspiracy to commit third-degree murder is not a cognizable crime in Pennsylvania, and that trial counsel was ineffective for failing to raise this issue in the trial court.  (Docket #12.)  The Commonwealth filed a motion to dismiss, and appellant filed a response.  On January 16, 2014, the PCRA court issued a Rule 907[1] notice of intent to dismiss the petition without a hearing.  On June 10, 2014, PCRA counsel, Norris E. Gelman, Esq., filed a motion to withdraw.  (Docket #16.)  Two days later, on June 12, 2014, appellant's PCRA petition was dismissed.  (Docket #17.)  A timely ***pro se*** notice of appeal was filed on July 11, 2014.  (Docket #18.)  On July 31, 2014, appellant was directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days (August 21,

---

[1] Pa.R.Crim.P. 907.

2014). (Docket #19.)[2] Appellant complied on August 20, 2014, by filing a *pro se* Rule 1925(b) statement, raising the same issues raised in his PCRA petition. (Docket #20.) Subsequently, on September 16, 2014, Attorney Gelman filed an application to withdraw in this court, which was granted on October 3, 2014. This court remanded the case to the PCRA court to determine whether appellant was eligible for court-appointed counsel and, if so, to appoint counsel for appellant in connection with this appeal. On November 24, 2014, the PCRA court issued a Rule 1925(a) opinion. Current counsel, Attorney Cooley, was appointed to represent appellant for appeal purposes on March 19, 2015.

Initially, we note that Attorney Cooley has filed an *Anders* brief rather than a *Turner*/*Finley* no-merit letter. *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On an appeal from the denial of a PCRA petition, a *Turner*/*Finley* letter is the appropriate filing. However, we may accept an *Anders* brief instead. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005) ("[B]ecause an *Anders*

---

[2] We note that Attorney Gelman was still counsel of record and had not been given permission to withdraw. *See Commonwealth v. White*, 871 A.2d 1291, 1294 (Pa.Super. 2005) ("once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance"), quoting *Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa.Super. 1999).

brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter."). *See also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) (guiding Pennsylvania courts' application of *Anders*). Despite counsel's error, we find that he has complied substantially with the *Turner*/*Finley* requirements. Hence, we overlook his procedural misstep. In addition, Attorney Cooley has attached a copy of the letter to appellant advising him of counsel's intention to withdraw and of his rights going forward. ("*Anders*/No-Merits Brief," Exhibit 12.) *See Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa.Super. 2006) ("PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the 'no-merit' letter, and (ii) a statement advising the PCRA petitioner that, in the event the [] court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel") (footnote omitted). Appellant has not responded to Attorney Cooley's petition to withdraw.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001).

*Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa.Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2007).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *Id.* It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Commonwealth v. Hardcastle*, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

*Id.* at 882, quoting *Commonwealth v. Khalifah*, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

> [W]e begin with the presumption that counsel was effective. A claimant establishes ineffective assistance of counsel when he demonstrates that [1] the underlying claim is of arguable merit; [2] that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the appellant's interest; and finally, [3] that counsel's action or inaction was prejudicial to the client. For an action (or inaction) by counsel to be considered prejudicial to the client, there must be a reasonable probability that the outcome of the proceedings would have been different. All three prongs of this test must be satisfied. If an appellant fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel.

***Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa.Super. 2004), ***appeal***

***denied***, 860 A.2d 123 (Pa. 2004) (citations and internal quotation marks

omitted).

Relying on ***Commonwealth v. Clinger***, 833 A.2d 792 (Pa.Super.

2003), appellant contends that criminal conspiracy to commit third-degree

murder is not a cognizable offense in Pennsylvania. In ***Clinger***, the

defendant and his brother severely beat the victim, who was rendered

unconscious and was lucky to have survived. ***Id.*** at 793. The defendant

pled guilty to criminal conspiracy to commit third-degree murder. A

pre-sentence motion to withdraw the plea was denied, and the defendant

was sentenced to 20 to 40 years' imprisonment. On appeal, this court held

that there was no factual basis for the plea where it was impossible under

the law to commit the crime of conspiracy to commit murder in the third

degree:

> In the present case, since the crime of third degree
> murder was not accomplished, appellant could only
> be guilty of conspiracy to commit a crime if he
> intended that crime to be accomplished. Logic
> dictates, however, and this Court has recognized,
> that it is impossible for one to intend to commit an
> unintentional act.

***Id.*** at 796 (citation omitted). Therefore, this court in ***Clinger*** held that the

defendant's motion to withdraw his guilty plea should have been granted.

***Id.*** at 796-797.

As the PCRA court recognized, however, **Clinger** was abrogated by our supreme court in **Commonwealth v. Fisher**, 80 A.3d 1186 (Pa. 2013), which held that the absence of intent to kill does not preclude a defendant from being convicted of conspiracy to commit third-degree murder: "The act sufficient for third degree is still a purposeful one, committed with malice, which results in death--clearly, one can conspire to such an intentional act." **Id.** at 1191. Therefore, it appears that **Clinger** is no longer good law. In addition, **Clinger** is factually distinguishable from the instant case, where in **Clinger**, the victim survived the incident. In the case **sub judice**, the victim died as the result of multiple gunshot wounds. As such, the underlying issue, that appellant could not be convicted of conspiracy to commit third-degree murder, lacks arguable merit, and trial counsel cannot be held ineffective for failing to have raised it.

Furthermore, even though **Clinger** was still good law at the time of appellant's trial in 2007, **Clinger** was essentially an outlier, and there was a substantial body of case law holding that a defendant can be convicted of conspiracy to commit murder in the third degree. **See Fisher**, 80 A.3d at 1191-1193 ("Our review of Pennsylvania case law regarding conspiracy to commit third degree murder reveals convictions for this crime have long been recognized as valid."), citing, **e.g.**, **Commonwealth v. Mobley**, 359 A.2d 367 (Pa. 1976); **Commonwealth v. Wanamaker**, 444 A.2d 1176, 1178 (Pa.Super. 1982); **Commonwealth v. La**, 640 A.2d 1336, 1345-1346

(Pa.Super. 1994). Indeed, the **Fisher** court characterized **Clinger**'s holding that conspiracy to commit third-degree murder is a legal impossibility as an abrupt change in course. **Fisher**, 80 A.3d at 1193. As the PCRA court observes, **Clinger** departed from established precedent, and even if trial counsel had raised the issue, it most likely would have failed. (PCRA court opinion, 11/24/14 at 4.) Therefore, appellant cannot establish that he was prejudiced by trial counsel's alleged omission in this regard.

Having conducted an independent review of the entire record, this court is satisfied that the issues raised in appellant's petition are meritless and that the PCRA court did not err in denying appellant's petition. Accordingly, we will grant Attorney Cooley's petition to withdraw and affirm the order denying appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016