J-S44011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :              PENNSYLVANIA
                                      :

               v.                        :
                                      :
                                      :

JAMAL L. RICE                    :
                                      :

              Appellant           :     No. 585 EDA 2017

Appeal from the Judgment of Sentence March 30, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004185-2014,
CP-51-CR-0004186-2014, CP-51-CR-0004197-2014

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:             **FILED AUGUST 17, 2018**

      Jamal L. Rice appeals, *nunc pro tunc*, from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted of discharging a firearm into an occupied structure,[1] possession of an instrument of a crime ("PIC"),[2] and reckless endangerment of another person[3] ("REAP") in the case docketed at CP-51-CR-0004197-2014. He was also convicted of prohibited possession of a firearm,[4] firearms not to be carried

_____

[1] 18 Pa.C.S. § 2707.1(a).

[2] 18 Pa.C.S. § 907(a).

[3] 18 Pa.C.S. § 2705.

[4] 18 Pa.C.S. § 6105(a)(1).

without a license,[5] PIC, simple assault,[6] and REAP in the case docketed at CP-51-CR-0004185-2014. Lastly, Rice was convicted of aggravated assault,[7] PIC, simple assault, and REAP in the case docketed at CP-51-CR-0004186-2014. After careful review, we affirm.

On February 14, 2014, Rice and his girlfriend, Monique Lawson, met Lawson's friend, Nashia Freeman, at a train station. All three went to Lawson's home, where they began to smoke cannabis. Rice and Lawson laced their cannabis with Phencyclidine (PCP). At some point after smoking the drugs, Freeman asked Rice to buy her cigarettes and started to hand Rice money. Rice then retrieved a firearm from his waistband and aimed it at Freeman. Lawson stepped between Rice and Freeman, begging Rice to stop. During this exchange, Freeman was able to retreat to the basement, where she hid in a crawlspace. Freeman testified that she could hear Rice and Lawson arguing upstairs, and that she heard a gunshot. She then heard Rice tell Lawson to "get up," before a second gunshot went off.

A neighbor called the police after a bullet went through his second floor window and hit his bedroom wall. When police arrived at the scene, there was shattered glass on the steps and sidewalk outside Lawson's residence. When the officers asked to come inside, Rice let them in. Both Rice and Lawson

---

[5] 18 Pa.C.S. § 6106(a)(1).

[6] 18 Pa.C.S. § 2701.

[7] 18 Pa.C.S. § 2702(a).

- 2 -

claimed nothing was out of the ordinary. The officers saw Freeman flashing lights through the floorboards and calling for help. Freeman confirmed that Rice and Lawson had ingested PCP and informed the officers that she would not come out of hiding until Rice was disarmed. Police retrieved the gun from Rice and the matching casings on the living room floor, as well as the bullet from the neighbor's residence.

Rice was tried in a nonjury trial before the Honorable Tamika Lane, who found him guilty of the aforementioned charges. On March 30, 2016, the court sentenced him to three and one half to seven years of imprisonment for discharge of a firearm into an occupied structure, to run consecutively with five years of probation for possession of an instrument of a crime in the case docketed CP-51-CR-0004197-2014. Rice was sentenced to five to ten years imprisonment for prohibited possession of a firearm, two and one half to five years for firearms not to be carried without a license, and eleven and one half months to twenty-three months for possession of an instrument of a crime, to run consecutively with a sentence of one to two years for simple assault in the case docketed CP-51-CR-0004185-2014. Lastly, he was sentenced to twenty years of imprisonment for the merged charges of aggravated assault and simple assault, to run consecutively with a sentence of five years of probation for possession of an instrument of a crime in the case docketed CP-51-CR-0004186-2014.

Rice did not file a direct appeal. On January 18, 2017, he filed a petition under the Post Conviction Relief Act[8] alleging ineffective assistance of counsel for failure to file a timely appeal. Rice's appellate rights were subsequently reinstated, *nunc pro tunc*, and he filed this timely appeal. Both Rice and the trial court have complied with Pa.R.A.P. 1925. On appeal, Rice challenges the sufficiency and weight of the evidence for the charges of possession of an instrument of a crime and aggravated assault.

"Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa. Super. 2016). Furthermore,

> In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt. The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

***Commonwealth v. Giron***, 155 A.3d 635, 638 (Pa. Super. 2017) (internal citations omitted). In addition, the burden of proof may be met with wholly circumstantial evidence. ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007).

---

[8] 42 Pa.C.S.A. §§9541-9546.

"A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S. 907(a). A person who "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" is guilty of aggravated assault. 18 Pa.C.S. § 2702(a)(1). "To prevail on a theory of recklessness, the Commonwealth must show an assailant's recklessness rose to the level of malice, a crucial element to sustain a conviction for aggravated assault." *Commonwealth v. Miller*, 955 A.2d 419, 422 (Pa. Super. 2008). Malice is defined as a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." *Id.*, quoting *Commonwealth v. Pigg*, 571 A.2d 438, 441 (Pa. Super. 1990). Furthermore, "the offensive act must be performed under circumstances which almost assure that injury or death will ensue." *Commonwealth v. O'Hanlon*, 653 A.2d 616, 618 (Pa. 1995). In other words, the defendant must be able to reasonably anticipate that death or serious injury will occur and ignore the consequences of his actions. *See id.*

However, "[w]here the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012). Attempt requires that the defendant took a substantial step in the commission of the intended crime.

- 5 -

*Id.* Specifically, attempt, for the purposes of aggravated assault, "requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury." *Id.* Intent is shown when the defendant makes it his conscious object to engage in conduct of that nature or cause that result. *Id.*

Intent may be inferred if the defendant engaged in reckless conduct that is likely to result in serious bodily injury. *See Commonwealth v. Wanamaker*, 444 A.2d 1176, 1178 (Pa. Super. 1982); *see also Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa. Super. 2001). In *Wanamaker*, this Court found that firing a gun is the type of conduct that is likely to result in serious bodily injury, and therefore the intent element of aggravated assault was satisfied. *Wanamaker*, 444 A.2d at 1178; *see also Commonwealth v. Hunter*, 644 A.2d 763 (Pa. Super. 1994) (shooting bullets into home sufficient for conviction of aggravated assault). Intent to cause serious bodily injury may be demonstrated using circumstantial evidence. *See Martuscelli*, *supra* at 948.

Here, it is clear that the factfinder was presented with sufficient evidence to conclude, beyond a reasonable doubt, that Rice committed the crimes of PIC and aggravated assault. Although Freeman could not say conclusively who fired the gun, there is ample circumstantial evidence that Rice was in possession of the gun at the time it was fired. Freeman testified that Rice pointed the gun at her before hiding in the basement, and that she heard Lawson beg Rice to stop. When police arrived, the gun was recovered from

Rice's person, and the casings found on Lawson's living room floor, as well as the bullet in the neighbor's wall, all matched the weapon.

Moreover, the circumstantial evidence indicates that Rice pointed the gun at Lawson and fired the weapon while she was still in the home. Freeman heard Rice arguing with Lawson, and heard Rice tell Lawson to "get up" before the second gunshot went off. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, this evidence is sufficient to allow the factfinder to infer an intent to cause severe bodily harm, and to conclude that the elements of aggravated assault were met beyond a reasonable doubt. **Giron**, **supra**.

Rice also challenges the weight of the evidence for his convictions.

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

However, the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is not unfettered. The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion.

**Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000). "Discretion is abused where the course pursued represents not merely an error of judgment,

but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Id.* at 753, quoting **Coker v. S.M. Flickinger Company, Inc.**, 625 A.2d 1181, 1185 (Pa. 1993).

Here the trial court reviewed the evidence and concluded that the verdict was not contrary to the weight of the evidence. Nothing in the record suggests this determination is manifestly unreasonable, nor is there any evidence in the record that the trial court acted due to partiality, prejudice, bias or ill-will. The trial court is free to believe all, part, or none of the evidence presented to it, and to determine the credibility of the witnesses, and this Court may not substitute its own judgement for that of the fact-finder. **Commonwealth v. Lewis**, 911 A.2d 558, 565 (Pa. Super. 2006). Both Freeman and the responding officer testified to the events on the evening in question. The trial court was free to believe their accounts and weigh the evidence accordingly. We can discern no abuse of discretion. **Widmer**, **supra**.

Judgment of sentence affirmed.

*Judgment Entered.*

_____
Joseph D. Seletyn, Esq.
*Prothonotary*


Date: _8/17/2018_

- 8 -