J-S75005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MOISES MEDINA | |
| Appellant | No. 2419 EDA 2013 |

Appeal from the Judgment of Sentence August 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004290-2012

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 30, 2015**

Appellant, Moises Medina, appeals from the August 2, 2013 aggregate judgment of sentence of ten to 20 years' incarceration, imposed after a jury convicted him of aggravated assault and criminal conspiracy.[1]  In addition, Appellant's counsel has filed with this Court a petition to withdraw, together with an ***Anders***[2] brief, averring the appeal is frivolous.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 2702(a) and 903(a), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

The certified record reveals the following relevant facts and procedural history. On June 1, 2011, Appellant and Emmanuel Flores got in a dispute with Francis Aponte after Aponte asked Appellant and Flores to move from the front steps of his residence. N.T., 6/5/13, at 58-59. Appellant and Flores eventually left, only to return to the neighborhood 20 minutes later in a gray Mazda. *Id.* at 69. Appellant and Flores then got out of the car, approached Aponte and his two-year-old daughter on foot, and shot at them. *Id.* at 83-84. Aponte retreated with his daughter inside the garage of the car wash Aponte owned, which was across the street from his residence. *Id.* at 84. After the gunfire ceased, Aponte called his mother, Mayra Guzman, and she arrived approximately ten to 20 minutes later at the car wash. *Id.* at 91-92. Officers from the Philadelphia police department responded and Aponte told them about the shooting, pointing out the Mazda, which was parked, unoccupied, on the block. *Id.* at 94.

Shortly after the police left, Appellant and Flores returned with three other men. *Id.* at 98. The group of five men went to the Mazda and then approached Aponte, his daughter, and Guzman, who were at the car wash, and three men in the group opened fire. *Id.* at 104, 107. Aponte again took his daughter inside the garage. *Id.* at 109. Guzman covered her face with her hands and crouched down. N.T., 6/7/13, at 65-67.

Guzman, through a translator, provided the police with a written statement identifying Appellant, Flores, and a third man as the gunmen who

shot at her and Aponte. N.T., 6/10/13, at 21. She also identified Appellant and Flores in photographs as the men who had attacked her and Aponte. *Id.* at 25-27. Later, Aponte supplied a written statement to detectives naming Appellant and Flores as the shooters. *Id.* at 67-68. Aponte also picked Appellant out of an eight-person photo array. *Id.* at 70-71. Detectives obtained a search warrant and searched the gray Mazda, finding an identification card with Appellant's name, date of birth, and address. *Id.* at 51-52.

Appellant was arrested on December 7, 2011. On June 5, 2013, he proceeded to a six-day jury trial on the charges of aggravated assault of Aponte, aggravated assault of Guzman, and criminal conspiracy. On June 12, 2013, a jury found Appellant guilty of the aforementioned charges with respect to Guzman, but found Appellant not guilty of the charge of aggravated assault against Aponte. N.T., 6/12/13, at 54-55. On August 2, 2013, the trial court sentenced Appellant to an aggregate term of ten to 20 years' incarceration. Appellant did not file post-sentence motions. On August 12, 2013, Appellant filed a timely notice of appeal. Thereafter, on August 14, 2013, the trial court appointed new counsel to represent Appellant in this appeal.[3] On May 20, 2014, Appellant's counsel filed, with

_____

[3] On September 4, 2013, the trial court directed Appellant to file a Rule 1925(b) statement within 21 days of the trial transcripts becoming available. On December 9, the trial court sent a letter to this Court explaining that it
*(Footnote Continued Next Page)*

this Court, a motion to withdraw as counsel together with an **Anders** brief.

In response, Appellant filed a *pro se* Reply to Counsel's No Merit Brief on

July 10, 2014.

On appeal, counsel raises the following issues on Appellant's behalf.

> A. Were the verdicts against the weight of the evidence because the testimony presented by the Commonwealth was perjurious, contradictory, inconsistent, and wholly unworthy of belief so much so that the verdict shocks the conscience?

> B. [Whether] the evidence was insufficient to support Appellant's aggravated assault conviction because the Commonwealth failed to present sufficient evidence to establish beyond a reasonable doubt that Appellant or any accomplice or co-conspirator acted with the specific intent to cause serious bodily injury to Ms. Guzman[?]

**Anders** Brief at 13, 19.[4]

"When presented with an **Anders** brief, this Court may not review the

merits of the underlying issues without first passing on the request to

withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super.

2010) (citation omitted). Additionally, we review counsel's **Anders** brief for

*(Footnote Continued)* _____

had not filed its 1925(a) opinion because the transcripts were not available. On April 23, 2014, Appellant's court-appointed appellate attorney filed a 1925(b) statement indicating that the transcripts only recently became available. The trial judge did not submit a 1925(a) opinion, as he was no longer on the bench at the time Appellant filed his 1925(b) statement.

[4] For purposes of our discussion, we address the issues raised by Appellant's counsel in reverse order.

compliance with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005) and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v.*

***Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

Instantly, we are satisfied that counsel has complied with the technical requirements of ***Anders*** and ***Santiago***. First, counsel has provided a procedural and factual summary of the case with references to the record. ***Anders*** Brief at 4-10. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. ***Id.*** at 13-23. Third, counsel concluded Appellant's appeal is frivolous as "his review of the record failed to reveal anything that would support an issue having some chance of success on appeal." ***Id.*** at 12. Lastly, counsel has complied with the requirements set forth in ***Millisock***, ***supra***. As a result, we proceed with our independent review of the record and the issues presented on Appellant's behalf to ascertain if the appeal is wholly frivolous. Additionally, we will assess the claims raised by Appellant in his *pro se* reply to counsel's ***Anders*** brief.

Instantly, Appellant's counsel next raises the issue of whether the evidence was sufficient to sustain the conviction for aggravated assault. Specifically, Appellant asserts that "the evidence failed to show that [Guzman] was injured and that [A]ppellant[,] either directly or vicariously, intended to harm her." ***Anders*** Brief at 19-20. "A claim impugning the sufficiency of the evidence presents us with a question of law." ***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014)

(citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Our standard and scope of review is as follows.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fabian***, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014).

A person commits aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Further, "serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301. For aggravated assault, an "attempt" is properly found when an "accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005), *appeal denied*, 879 A.2d 781 (Pa. 2005). Intent is usually proven by inference through circumstantial evidence. *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*), *appeal denied*, 78 A.3d 1089 (Pa. 2013). This Court has held the firing of a gun at a victim is the type of conduct that is likely to result in serious bodily injury and evidence of such conduct is sufficient to prove the intent required for aggravated assault. *Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa. Super. 2001), *appeal denied*, 803 A.2d 733 (Pa. 2002), *citing*, *Commonwealth v.*

***Wanamaker***, 444 A.2d 1176, 1178 (Pa. Super. 1982); ***see also Commonwealth v. Robinson***, 817 A.2d 1153, 1160 (Pa. Super. 2003).

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict-winner, we conclude the evidence supports Appellant's conviction for aggravated assault. Specifically, the evidence established that Appellant discharged a firearm at Guzman. We note that there is no question that Appellant's actions did not inflict actual, serious bodily injury on Guzman. Therefore, Appellant's conviction for aggravated assault hinges on whether he attempted to inflict serious bodily injury on Guzman. For the following reasons, we conclude there is sufficient evidence Appellant attempted to do so.

The evidence adduced at trial established that on the morning of the day in question, Appellant was involved in an altercation with Aponte that ended with Appellant firing a gun at Aponte. N.T., 6/5/13, at 83-84. Guzman went to Aponte's house in response to this incident. ***Id.*** at 91-92. Later in the day, Appellant returned with a group of four other men. ***Id.*** at 98. The group went to a gray Mazda, containing an identification card belonging to Appellant, retrieved firearms, and opened fire at Guzman. ***Id.*** at 98, 104, 107. Appellant was one of the shooters. N.T., 6/10/13, at 21. Guzman stated that she felt the shots coming towards her and they were very close to her. N.T., 6/6/13, at 87; N.T., 6/7/13, at 69. These facts are sufficient to enable the jury to conclude that Appellant intended to inflict

serious bodily injury on Guzman and attempted to do so. Therefore, Appellant's challenge to the sufficiency of the evidence to sustain his conviction for aggravated assault is frivolous. **See Galindes**, **supra**.

Appellant next argues the verdict was against the weight of the evidence because the testimony of the witnesses contained internal inconsistencies and, more specifically, the testimony of the victims at trial conflicted with both their statements to police and testimony at the preliminary hearing. **Anders** Brief at 13-16. However, before we may review this issue, we must determine whether it has been properly preserved for our review.

Pennsylvania Rule of Criminal Procedure 607 governs claims challenging the weight of the evidence and states in relevant part as follows.

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or

- 10 -

it will be waived." **Commonwealth v. McCall**, 911 A.2d 992, 997 (Pa. Super. 2006).

Here, Appellant failed to preserve a weight of the evidence claim. Appellant did not file a post-sentence motion. Further, we have reviewed the certified record and transcripts, and at no point prior to, or at sentencing, was a challenge to the weight of the evidence raised. As a result, we agree with Appellant's counsel and the Commonwealth that Appellant has waived his claim that the jury's verdict was against the weight of the evidence.[5] **See McCall**, **supra**. Therefore, this claim is wholly frivolous.

_____

[5] Even if we reached the merits of Appellant's claim, no relief would be due to Appellant. In reviewing a weight of the evidence claim, we defer to the jury's findings on credibility and we cannot substitute our judgment for that of the jury on credibility issues. **Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa. Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011). Here, Appellant claims that the witnesses' testimony at trial was inconsistent. **Anders** Brief at 13-16. Additionally, Appellant argues that the trial testimony of Aponte and Guzman, abandoning their earlier statements to police and at the preliminary hearing that Appellant was one of the gunmen, was entitled to greater weight than those earlier statements. **Id.** We note that it is the province of the jury to resolve inconsistencies in testimony and determine credibility. The jury was free to assign more credibility to the earlier statements of Aponte and Guzman and discredit their testimony at trial. We will not disturb the jury's findings on appeal. **See Palo**, **supra**. Therefore, the verdict was not against the weight of the evidence.

We turn next to the issues Appellant raises in his *pro se* reply to counsel's **Anders** Brief.[6] Appellant articulates the following 12 issues.

    1.    [Whether] [t]he evidence was insufficient to support Appellant[']s conviction for aggravated assault in that evidence presented failed to prove beyond a reasonable doubt that Appellant was actually at the scene of the crime[?]

    2.    That even if the Court determines that the Commonwealth proved that Appellant was present at the scene of the crime, it nonetheless failed to prove, beyond a reasonable doubt[,] that Appellant attempted to cause "seriously bodily injury" to the complainant [pursuant to] Pa. C.S.A. §[ ]901(A)[?]

    3.    [Whether] [t]he evidence was insufficient to support Appellant[']s aggravated assault conviction in that the evidence presented fialed [sic] to prove, beyond a reasonable doubt, that Appellant had the requisite "intent" to cause serious bodily injury to the complainant[?]

    4.    [Whether] [t]he evidence used to convict Appellant was so weak[,] contradictory,

_____

[6] "When a *pro se* … brief [in response to counsel's **Anders** brief and petition to withdraw] has been filed within a reasonable amount of time, however, the Court should then consider the merits of the issues contained therein and rule upon them accordingly." **Commonwealth v. Baney**, 860 A.2d 127, 129 (Pa. Super. 2004), *appeal denied*, 877 A.2d 459 (Pa. 2005). Additionally, the failure to raise the issues in a Rule 1925(b) statement does not preclude the review of the merits of Appellant's additional *pro se* claims because "to hold otherwise would prevent a defendant from choosing to proceed *pro se*" which would "nullify a defendant's constitutional right to direct appeal, and eliminate one of the choices available to a defendant under **Anders**[.]" **Commonwealth v. Bishop**, 831 A.2d 656, 659-660 (Pa. Super. 2003).

inconsistent, and inconclusive, that as a matter of law, no probability of fact could have been drawn from the combined circumstances; [and] the jury's verdict cannot be interpreted as being nothing more than based on suspicion, conjecture, and surmise[?]

5.    [Whether] [t]he Commonwealth, while knowing that the complainant was not telling the truth on the stand, made no effort to stop the complainant; allowing the complainant to continue to present perjured testimony, without ever alerting the jury to the fact that the testimony the complainant was offering was in total contradiction to her [testimony at] two earlier preliminary hearing[s][?]

6.    [Whether,] [w]ith regards to the "reckless" element of aggravated assault, the Commonwealth failed to prove that Appellant acted under a manifest extreme indifference to the value of human life, in that evidence failed to establish, as a matter of law, that the complainant was actually shot at, and if she was, that it was the Appellant that shot her[?]

7.    [Whether] [t]he evidence presented was insufficient to support Appellant[']s conviction for conspiracy to commit aggravated assault, in that the Commonwealth failed to prove, beyond a reasonable doubt[,] that Appellant was present at the scene of the crime, or within the group that allegedly shot at the complainant[?]

…

8.    [Whether] [c]ounsel was ineffective in that he had no reasonable bases [sic] in [sic] which to justify foregoing a properly, court suggested, motion for arrest of judgment; [and] counsel failed to take affirmative action in order to allow the court to assess the credibility of the testimony offered by the Commonwealth[?]

9. [Whether] [c]ounsel was ineffective for failing to object to the court's instruction to the jury that [A]ppellant did not have a license to carry a weapon [that] was highly prejudicial to [A]ppellant because (1) mentioning that [A]ppellent [sic] did not have a license to carry effectively placed Appellant at the scene of the crime when his primary defense was that he was not present at the time the assault was committed, [and] (2) that earlier, Appellant stipulated to the [trial] court that he would forego trial on the weapon charge for another day[?]

10. [Whether] counsel was ineffective by failing to object to the [trial] court's introduction to the jury of an unsigned certificate of non-compliance licensure, and stipulating to it's [sic] authentication, against his Appellant's interest[?]

…

11. [Whether] the [trial] court erred when it mention[ed] to the jury the certificate of non-licensure, because in doing so, (1) Appellant's primary defense[] that he was not present at the scene of the crime, and (2) because it was specifically stipulated by Appellant that he wanted the unlawful charge tried at another time[?]

12. [Whether] Appellant's sentence was excessive and disproportionate to the circumstances in the case, thus, illegal and invalid, as a matter of law[?]

Appellant's Reply to Counsel's No Merit Brief at I-III.

Initially, we note that issues 1, 2, 3, 4, and 6 raise claims of sufficiency of the evidence regarding Appellant's aggravated assault

conviction. These sufficiency of the evidence claims are disposed of by our above discussion of the issues raised in counsel's ***Anders*** brief. We have detailed the evidence that was sufficient to enable the jury to conclude that Appellant intended to inflict serious bodily injury on Guzman and attempted to do so by firing a handgun at her.

Additionally, issue 7 contests the sufficiency of the evidence for Appellant's conspiracy conviction by arguing that there is insufficient evidence that he was present at the crime scene or part of the group who shot at Guzman. The offense of criminal conspiracy is defined as follows.

### § 903. Criminal conspiracy

(a) **Definition of conspiracy.**--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). As detailed above, there was sufficient evidence to allow the jury to find that Appellant was present at the crime scene and was part of the group who shot at Guzman. Therefore, these claims are frivolous.

To the extent we can discern Appellant's issue 5, it appears to raise a challenge to the weight of the evidence. Without the benefit of a developed argument, we cannot ascertain Appellant's specific contention and we will not advance claims on his behalf. ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010). To the extent Appellant's claim does raise a challenge to the weight of the evidence, we have addressed said challenge above and concluded it is frivolous.

In issues 8, 9, and 10, Appellant seeks to assert trial counsel's ineffectiveness. Appellant's Reply to Counsel's No Merit Brief at II-III. However, our precedent makes clear that, with limited exception, this Court may not review claims of ineffective assistance on direct appeal. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013) (holding, absent limited circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal[]"). The ***Holmes*** Court noted two narrow exceptions for "extraordinary circumstances" to the broader rule, holding "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted," and allowing review for "good cause," such as the shortness of a sentence, of

"multiple, and indeed comprehensive, ineffectiveness claims if such review is accompanied by a waiver of PCRA rights…." *Id.* at 577-578.

Here, neither exception applied to permit post-verdict review of Appellant's ineffectiveness claims. The trial court did not determine that Appellant's claim of ineffectiveness was meritorious or apparent from the record such that immediate consideration and relief was warranted. *See id.* at 577. Neither did the trial court find good cause to permit post-verdict review of said claims and Appellant did not waive his PCRA rights. *See id.* at 578. Accordingly, we cannot review these ineffectiveness claims raised on direct appeal, and Appellant is without prejudge to raise them in a PCRA petition. *See id.* at 576.

Next, in issue 11, Appellant challenges the trial court's act of informing the jury that Appellant was not licensed to carry a firearm. Appellant's Reply to Counsel's No Merit Brief at III. However, before we may review this claim we must determine whether it has been properly preserved for our review. *See* Pa.R.A.P. 302(a) (providing "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.") Our Supreme Court has emphasized the importance of issue preservation.

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to

consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211-1212 (Pa. 2010) (some internal citations omitted); *accord Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (citation omitted).

In this case, we note that during the trial, the parties stipulated that Appellant was not licensed to carry a weapon. N.T., 6/11/2013, at 104-105. The stipulation was marked as exhibit C-31. *Id.* Appellant's trial counsel stated, "there is no objection to the Commonwealth's Exhibits C-1 through C-31." *Id.* at 106. Moreover, after informing the jury that Appellant was not licensed to carry a firearm, the judge cautioned the jury that, "[u]nderlying [the stipulation,] is whether he, in fact, had a weapon. That is the question for you, the jury, to decide. That is not for me to decide. The document just speaks for that, that he did not have a license." *Id.* at 105. In our review of the record, we cannot find a single instance in which Appellant objected to the contents of the stipulation or the trial court's instructions, or requested that the trial court supplement or change its instruction to the jury. As a result, we deem this issue waived for failure to

- 18 -

raise the issue in the trial court. ***See In re F.C. III***, ***supra***; ***Miller***, ***supra***; Pa.R.A.P. 302(a).

In issue 12, Appellant contends that his sentence was excessive and disproportionate to the circumstances in the case. Such a claim implicates the discretionary aspects of sentencing. A challenge to the discretionary aspects of a sentence is not appealable as of right. ***Commonwealth v. Colon***, 102 A.3d 1033, 1042 (Pa. Super. 2014).

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue [at sentencing or in a motion to reconsider and modify sentence]; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his [Rule 2119(f)] concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Here, Appellant's discretionary aspect of sentencing challenge was not preserved below. Our review of the transcript reveals that Appellant did not

preserve any issues at sentencing. Neither did Appellant file any post-sentence motion. Therefore, we conclude this claim is waived, and we are precluded from granting an allowance of appeal. **Edwards**, **supra**. Accordingly, we conclude Appellant's appeal on this issue is frivolous.[7]

For the reasons discussed above, our independent review of the record leads us to conclude that Appellant's appeal is wholly frivolous. Therefore, we agree with counsel's assessment of the appeal, and conclude counsel has satisfied the requirements for withdrawal. Accordingly, we grant counsel's petition to withdraw. Moreover, we affirm Appellant's August 2, 2013 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

_____

[7] Even if Appellant had properly preserved and presented this claim, we agree with the Commonwealth that it is frivolous on its merits. Aggravated assault is graded as a felony of the first degree, and Appellant received a sentence in the statutory limits for a felony of the first degree. **See** 18 Pa.C.S.A. § 1103(1). Before imposing its sentence, the trial court noted Appellant's extensive criminal history and involvement in the narcotics trade. This included 14 arrests as an adult resulting in eight convictions, including the current offenses. N.T., 8/2/13, at 8. Five of those were felonies of the third degree. **Id.** He had also had probation revoked three times. **Id.** Thus, the trial court fully stated its reasons for imposing the sentence, and the sentence was not manifestly excessive or disproportionate given the circumstances.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/30/2015</u>